FLORENCE E. ADAMS v. ARTHUR H. CASTLE.[1]

May 25, 1896.

Nos. 9894—(105).

| 64 | 505 |
| 66 | 348 |
| 64 | 505 |
| 71 | 76 |
| 64 | 505 |
| 75 | 495 |

**Conversion—Demand and Refusal.**

Refusal to restore goods on demand is only evidence of conversion, and, whenever the conversion can be otherwise proved, it is not necessary for the plaintiff to allege or prove a demand and refusal.

**Pleading—Variance—Waiver.**

A variance between the pleading and the proof is waived by a failure to seasonably object to the evidence on that ground.

**Same—Amendment—Appeal.**

When it clearly appears that the variance between the allegations of the pleading and the proof has not misled the adverse party to his prejudice in maintaining his action or defense upon the merits, this court, on appeal, will affirm and remand the cause, with directions to the trial court to permit the party to amend his pleading so as to conform to the facts proved.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Affirmed.

*A. C. Finney*, for appellant.

*A. S. Keyes*, for respondent.

MITCHELL, J. The allegations of the complaint are that the plaintiff was the owner and entitled to the possession of a piano, of the value of $300; that the defendant, being in the possession of the piano, unlawfully disposed of and converted it to his own use, to

[1] Reported in 67 N. W. 637.

plaintiff's damage in the sum of $300. The answer consists of a general denial.

It appeared from the evidence that in February, 1892, the plaintiff purchased the piano from the defendant, on the instalment plan, for $320, for which she gave him her promissory note, payable in monthly instalments of $10, with interest. This note or contract provided that the title, ownership, and right to take possession of the property should remain in the defendant until fully paid for, when the title, ownership, and right of possession should vest in the plaintiff. This contract also provided that, if the plaintiff should default in any of the payments, the defendant might reclaim possession of the piano, and sell the same, upon giving plaintiff written notice of the sale 10 days prior thereto, and out of the proceeds retain the unpaid purchase money, and pay the surplus, if any, to the plaintiff. Possession was delivered to the plaintiff, who retained it until November, 1893, she in the meantime making payments on the purchase money to the amount of $160. On the date last named the plaintiff, being considerably in arrears in her payments, and about to change her place of residence, delivered the piano to the defendant, to be by him kept and stored for her until she "was more settled, and could make some definite arrangements in regard to paying him the balance" of the purchase money. We are satisfied, from an examination of the evidence, that at this time there was no modification or relinquishment of defendant's right, under the original contract, to assert his right to the possession of the property, and to sell it. Neither was there any change of the provision that in case he sold it he should give the plaintiff 10 days' written notice.

Plaintiff never made any further payments, and the piano remained in defendant's possession until July, 1894, when he sold and disposed of it without giving plaintiff any notice of the sale. At this time she was in arrears, including interest, about $180. Soon after the sale, plaintiff went to defendant to make a payment of $20, when she was informed that the piano had been already sold and disposed of. She then made a demand for it, but made no tender of the amount due. Evidence of all these facts was introduced without any objection (material here), except a general objection at the commencement of the trial to the introduction of any evidence, on the ground that the complaint did not state a cause of action; it appearing that the defendant

was in possession at the time of the alleged conversion, and no demand was alleged. There was nothing in this objection. Refusal to restore goods on demand is only evidence of conversion, and, whenever the conversion can be otherwise proved, it is not necessary for plaintiff to show a demand and refusal. Gilmore v. Newton, 9 Allen, 171. It was sufficient for plaintiff to allege a wrongful conversion, and she could prove it by showing either a demand and refusal, or a wrongful disposition and sale of the property.

The trial resulted in a verdict for the plaintiff for $75, which, under the instructions of the court, must be assumed to be the value of plaintiff's interest in the property; that is, the value of the property less the amount of unpaid purchase money. When plaintiff rested, the defendant moved to dismiss the action on the ground that the evidence did not tend to prove the cause of action alleged in the complaint; and when the evidence closed, on the same ground he moved the court to direct a verdict in his favor. The refusals of the court to grant these motions are assigned as error, and present the principal question in the case.

The point made is that it appeared that both the title to, and right of possession of, the piano were, at the time of the alleged conversion, in the defendant, and therefore an action for wrongful conversion would not lie; that plaintiff's remedy was an action for damages for breach of the contract. No question is, or can be, made but that plaintiff had a property interest in the piano, that she was the equitable owner, and that defendant held the legal title and the possession merely as security for what was due him on the purchase money. It is equally clear that defendant's sale of the property without restriction, and without giving plaintiff notice, was unauthorized, and constituted a disposition and conversion to his own use of her interest in the property; also, that the facts proved established a cause of action in favor of the plaintiff for the value of the piano, less the amount due defendant for purchase money, which is just what she has recovered. The only point made is that, because the right of possession was in the defendant at the time of the alleged conversion, therefore she should have sued for damages for the breach of the contract, and not for the wrongful conversion of the property.

It was undoubtedly well settled at common law, where the distinc-

tions between different forms of action obtained, that it was essential to a right of action in trover that the plaintiff should have, as against the defendant, either the possession, or the right of possession, of the chattel. A great deal of technical learning was expended in discussing various phases of this rule,—as, for example, whether there might be a conversion without a right of action in trover. And it seems to us that, under the reformed procedure, courts have given themselves a great deal of unnecessary trouble by failing to fully appreciate the fact that the distinction between forms of actions has been abolished, and that we have now but one form of action, called a "civil action." The question is not whether the plaintiff has brought the right form of action, but whether there was a fatal variance between her pleading and her proof. We may assume, without deciding, that there was, and that her evidence was not admissible under the allegations of her complaint. This variance, if there was one, appeared on the trial, long before plaintiff rested; but defendant made no such objection, but permitted all the evidence to be introduced, and then asked a dismissal on the ground that the evidence did not tend to prove the cause of action alleged, while the trouble, if any, was, not that she had proved a different cause of action from the one alleged, but that she had proved one that was not correctly alleged.

It seems to us that, under the circumstances, the defendant should be deemed to have waived the variance between the pleading and the proof. But whether that is so, or not, the variance is one which the court could, and, if applied for, should, have remedied by allowing an amendment on the trial, or even after judgment. And even now this court can remand the cause to the court below for that purpose. There was no suggestion that the defendant was surprised by the evidence introduced on the trial. On the contrary, the record shows that all the facts were fully in evidence. After defendant's motion to dismiss was denied, he proceeded with the trial on the merits, and fully introduced all his evidence in rebuttal of the evidence of the plaintiff.

The order denying a new trial is affirmed, and the cause remanded, with directions to the court below to permit the plaintiff to amend her complaint so as to conform to the facts proved.

Supplemental Opinion.

June 5, 1896.

PER CURIAM. Inasmuch as there was in fact a material variance between plaintiff's pleading and her proof, and no application for leave to amend the complaint was made in the court below, although the matter of variance was there raised by the defendant, and as we were enabled to affirm only by giving the plaintiff leave to amend her complaint so as to conform to the facts proved, we think the plaintiff ought not to be allowed any statutory costs. It is so ordered.