(105 N. W. 1107.)

---

The Marshall-McCartney Company, a Corporation, v. Thomas Halloran.

Opinion filed January 23, 1906.

**Deceit — Pleading — Specific Allegations.**

1. In an action to recover damages for deceit, the misrepresentations relied upon must be specifically alleged.

**Same — Fraud — Misrepresentations Must Justify Belief Upon Which Plaintiff Acted.**

2. An averment that the plaintiff was deceived, to his damage, by certain alleged misrepresentations of the defendant, is of no avail if the misrepresentations were not of such a nature, or made under such circumstances, as to justify the belief upon which the plaintiff claims to have acted.

**Same — Damage —Proximate Cause.**

3. In order to disclose a cause of action for deceit, the complaint must show that the loss or damage was the proximate effect caused by the alleged misrepresentations.

Appeal from District Court, Dickey county; *Allen, J.*

Action by the Marshall-McCartney Company against Thomas Halloran. Judgment for plaintiff, and defendant appeals.

Reversed.

*E. E. Cassels* and *C. W. Davis,* for appellant.

Deceit consists of telling an untruth knowingly with intent to deceive another to his damage. Watson v. Poulson, 15 Jurist, 1111, 7 Eng. L. & Eq. 588; Pasley v. Freeman, 3 T. R. 51; Polhil v. Walter, 3 Barn. & Ald. 114; Levi v. Langridge, 4 Mees. & Wels 337; Brown v. Castels, 11 Cush. 348; Tryon v. Whitmarsh, 1 Met. 1; Ming v. Woolfolk, 116 U. S. 599, 29 L. Ed. 740; Arthur v. Griswold et al., 55 N. Y. 400; Brackett v. Griswold, 112 N. Y. 467, 20 N. E. 376; Cooper et al. v. Schlesinger et al., 111 U. S. 148, 28 L. Ed. 382.

To warrant relief, fraud must be distinctly alleged in the pleading. Bayard v. Holmes, 34 N. J. L. 296; 9 Enc. Pl. & Pr. 684, 687, 688; 8 Enc. Pl. & Pr. 897, 899; 14 Cyc. 34, 35, 36 and 37.

Purchase of an assignment of a mortgage, of a conveyance of land from one holding title as mortgagee, without a purchase of the debt secured thereby, is a nullity. 20 Cyc. 1033; Carpenter v. Longan, 16 Wall. 271, 21 L. Ed. 313; Perkins v. Sterne, 76 Am. Dec. 72; Peters v. Jamestown Bridge Co., 63 Id. 134; Wilson v. Troup, 2 Cow. 195, 14 Id. 458; Yankton Building & Loan Ass'n. v. Dowling et al., 74 N. W. 438; Miller v. Berry et al., 104 N. W. 311; Jackson v. Bronson, 19 Johns. 325; Aymer v. Bill, 5 Johns. Ch. 570; Merritt v. Bartholick, 36 N. Y. 44; Polhemus v. Trainer, 30 Cal. 685; Ladue v. D. & M. R. Co., 13 Mich. 380, 87 Am. Dec. 759; Johnson v. Clark, 28 Atl. 558; 2 Jones on Mort. 1376; 20 Am. & Eng. Enc. Law, 1029.

A misrepresentation must be as to a material fact. 14 Cyc. 59, 62.

*Geo. H. Fay* and *W. C. Wickersham, Grigsby & Grigsby,* of counsel.

Wilful deceit inducing another to alter his position to his injury or risk is actionable. Rev. Codes 1899, section 3941; Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915; Parker v. Ausland, 13 S. D. 169, 82 N. W. 402; Kaeppler v. Red River Val. Nat. Bank of Fargo, 79 N. W. 869; Pomeroy's Eq. Jur., sections 885, 889; 3 Joyce on Damages, 2214; Ergott v. New York, 96 N. Y. 264; Guylle v. Swan, 19 Johnson, 381; McNamara v. Village of Clintonville, 22 N .W. 472; Nash et al. v. Minnesota Title Ins. & Trust Co., 163 Mass. 574, 40 N. E. 1039, 28 L. R. A. 753; Haven et al. v. Neal et al., 45 N. W. 612; Robbins v. Barton et al., 31 Pac. 686.

ENGERUD, J. Defendant appeals from an order overruling his demurrer to the following complaint:

"(2) That on the 30th day of May, 1899, the defendant was the owner of [certain described land] in Dickey county, N. D., and that on said day defendant executed a deed to one E. K. White, absolute in form, of all of said premises, and that said deed of conveyance so executed by the defendant was duly acknowledged so as to entitle the same to record on said 30th day of May, 1899, and on or about that day was delivered by the defendant to the said E. K. White. That thereafter, and on February 28, 1902, said deed was filed for record in the office of the register of deeds in and for Dickey county, N. D., and recorded at page 339 of Book 27 of the Deed Records of said office.

"(3) That thereafter, and in the month of March, 1902, this plaintiff purchased said premises from the said E. K. White for a valuable and adequate consideration, to wit, the sum of $3,400, and the said E. K. White made, executed and delivered to one C. Duane Holmes, for and in behalf of this plaintiff, a good and sufficient warranty deed of the said premises, with full covenants, conveying the same to this plaintiff in fee simple, which deed of conveyance was duly acknowledged so as to entitle the same to record, and was on the 17th day of March, 1902, filed for record in the office of the register of deeds in and for said Dickey county, and recorded at page 475 of Book 28 of Deeds thereof.

"(4) That said deed was so made by the said E. K. White to the said C. Duane Holmes at the request of this plaintiff, and that the said C. Duane Holmes held the title to said property in trust for this plaintiff.

"(5) That in consummating the purchase and sale of said land between this plaintiff and the said E. K. White it was agreed and arranged that the plaintiff should deposit in the Bank of Oakes to the credit of the said E. K. White the sum of $1,700 and should deliver to said White a mortgage upon said land securing the further sum of $1,700. That in pursuance of such agreement and arrangement this plaintiff deposited in the said bank the sum of $1,700 to the credit of said White, and had a mortgage duly executed upon the said land and delivered to said White, and the said deed was duly delivered to plaintiff and recorded as hereinafter stated. That it was a part of said agreement between this plaintiff and the said E. K. White that the said sum of $1,700 should be held by said Bank of Oakes until the said E. K. White should cause

and procure to be released from the record thereof a certain lis pendens then of record against the said land.

"(6)    That some time during the month of March, 1902, and before the $1,700 so deposited in the Bank of Oakes had been paid over to the said E. K. White, the defendant, Thomas Halloran, commenced an action in the district court of Dickey county, N. D., against the said C. Duane Holmes, who then held title to the said land in trust for this plaintiff, and in his complaint in said action the said Thomas Halloran, defendant herein, as plaintiff in said action, alleged: 'That on the 30th day of May, 1899, the plaintiff was the owner of [giving same description of land], all in the county of Dickey, and state of North Dakota, and of the value of $6,400. That on said day the plaintiff, being greatly embarrassed in his affairs, and desiring to borrow of E. K. White, and to secure plaintiff's indebtedness to him, and to secure said White for such money as he would advance to plaintiff's family, plaintiff executed a deed to said defendant E. K. White, for all the above described land; said deed being absolute in form, but intended by both plaintiff and defendant to stand as security for the payment of said indebtedness, loan and advancement as aforesaid, and it was made for that purpose only, and the purported consideration thereof was $1,000. That on or about the 13th day of March, 1902, the plaintiff offered to pay said defendant E. K. White the amount of said loan, and requested him to deliver up possession of said premises upon being paid whatever sum should be found to be justly due him on said account, but that said defendant refused and still refuses to account with plaintiff, but insists upon retaining possession of and selling said estate. That plaintiff is ready to pay whatever may be justly due on said account, and offers to bring the money into court for that purpose. That the defendant C. Duane Holmes claims certain estate or interest in or lien or incumbrance upon the same adverse to this plaintiff. Wherefore plaintiff prays that an accounting may be taken of the amount due said defendant E. K. White, and, upon the payment by the plaintiff of the amount so found to be due, said defendant may be required to reconvey said premises to the plaintiff. That the defendant C. Duane Holmes be required to set forth all his adverse claims to the property and priority thereof be determined. That they be adjudged null and void, and that he be decreed to have no estate or interest in or lien or incumbrance upon said

property. That this title be quieted as to such claims, and that the defendant C. Duane Holmes be forever debarred and enjoined from further asserting the same.'

"(7) That the said complaint was duly verified by the plaintiff, who is the defendant herein, and was filed on the 22d day of March, 1902, in the office of the clerk of said court.

"(8) That the defendant knew that the said C. Duane Holmes purchased the said land as agent or trustee for the Marshall-McCartney Company, the plaintiff herein, and that he was a innocent purchaser, without either actual or constructive knowledge that the defendant herein claimed any equity or interest in said land.

"(9) That the defendant herein knew the allegations of his complaint in said action to be false at the time he made them, and also knew at that time that the plaintiffs in this action were holding back the $1,700 which they had agreed to pay to the said E. K. White, and that, for the purpose of deceiving and inducing the plaintiff herein to believe that they would be amply secured and protected- by the conditions set out in his said complaint, he made and served the same on the said C. Duane Holmes in said action.

"(10) That the defendant herein knew that the said E. K. White was a bankrupt, and that after he, the said defendant, had knowledge of the fact that the plaintiff herein; relying on and believing the statements and allegations contained in his said complaint to be true, and had remitted to the said E. K. White, he, the said defendant herein, paid off to the said E. K. White the very indebtedness which he claimed and represented in his complaint in said action was secured by the deed to the land there in question.

"(11) That on or about the 4th day of April, 1902, this plaintiff, relying upon the statements so made by the defendant in his complaint in said action, wherein this defendant was plaintiff and the said C. Duane Holmes and the said E. K. White were defendants, and believing said statements to be true, and that the deed made by said White to Holmes for the use and benefit of this plaintiff would in effect be an assignment of the said mortgage held by said. White to said Holmes, and so relying upon the aforesaid verified statements of this defendant in his said complaint, this plaintiff waived the right to stop the payment by the said Bank of Oakes to the said White of the said sum of $1,700,

and did consent that the said sum of $1,700 be paid to the said White.

"(12)    That at the time this plaintiff consented to the payment of the sum of $1,700 to the said White, and waived the right and the opportunity to stop said payment, this plaintiff had no notice, knowledge or information of any kind that the defendant herein had or claimed to have any other or different interest in the said land other than the claim set up in said complaint wherein this defendant was plaintiff as aforesaid.

"(13)    That this plaintiff was informed by the said sworn complaint of the said defendant in his former action and other statements made by him to this plaintiff, and believed at the time the said sum of $1,700 was so paid by the Bank of Oakes to the said E. K. White, that the amount of the indebtedness of the said Halloran to the said White, at the time the said deed was executed and delivered by the said Halloran to said White, and which according to the said verified complaint of said Halloran was so executed and delivered as security, was in excess of the sum of $1,700.

"(14)    That this plaintiff is informed and believes that at the time the said sum of $1,700 was so paid by the Bank of Oakes to the said White the said White was financially irresponsible, and was in fact a bankrupt, and that it would not have been possible then or at any time subsequent thereto, and would be impossible now, for this plaintiff to recover from the said White the sum of $1,700.

"(15)    That subsequent to the payment of the said sum of $1,700 to the said White by the Bank of Oakes for and in behalf of this plaintiff, the defendant Halloran, in the said action of Halloran, as plaintiff, against the said Holmes and White, as defendants, established by his own testimony and otherwise that the said deed so given by the said Halloran to the said White was without any consideration whatever, and procured judgment to be entered in said action decreeing said deed to be null and void, which judgment is now of full force and effect.

"(16)    That by reason of the false statements of the said Halloran in his aforesaid complaint, and of all the other matters and things hereinbefore set forth, this plaintiff has been damaged in the sum of $1,700.

"Wherefore this plaintiff prays for judgment against this defendant for the sum of $1,700, with interest from April 4, 1902, and for such other and further relief as may be equitable and just, and for the costs and disbursements of this action."

This complaint is attacked by the demurrer on the ground that it does not state facts sufficient to constitute a cause of action; and we are agreed that the demurrer should be sustained. It is evident, and both parties concede, that the plaintiff is seeking to hold the defendant liable in damages for deceit, and the only question is whether the complaint shows such liability. The allegations (paragraph 10 of the complaint) to the effect that Halloran, after having induced this plaintiff to pay White $1,700 in the belief that White had a lien, subsequently paid to White the amount which he had claimed to be due on that lien, are either inconsistent with or immaterial to the remainder of the complaint, which attempts to allege deceit. If White did in fact have a lien for $1,700 or more at the time Halloran is charged with having so represented, then manifestly there could be no cause of action for false representations in that respect. On the other hand, if Halloran, knowing this plaintiff's rights, as the complaint explicitly says he did, nevertheless paid the money to White, such payment would clearly be of no avail as a satisfaction of the lien which this plaintiff claims to have acquired; and hence this voluntary and nugatory payment to White could not have been either an injury or a damage to this plaintiff. If we assume that the allegations impliedly admit that the debt Halloran paid to White was not in fact secured by the lien which Halloran had falsely represented to exist, then said paragraph 10 would not be fatal to the complaint, but would be obviously immaterial, and should be disregarded for that reason. Without deciding which construction this paragraph of the complaint should properly be given as against a demurrer, we shall assume the construction most favorable to plaintiff and disregard these allegations; and we may also assume, without deciding the point, that plaintiff might have been subrogated to White's lien had there been one. No actionable false representations are shown, unless the averments copied from the complaint in Halloran v. Holmes are of such a character as to constitute deceit, if false and made with intent to mislead this plaintiff to its detriment.

The only reference to other representations than the allegations in Halloran's complaint in the former action is the clause appearing in paragraph 13 of the complaint in the case at bar: "And other statements made by him to this plaintiff." What these "other statements" were the plaintiff has failed to disclose. Such an allegation is wholly insufficient. It is a mere conclusion of the

pleader. It is a well settled rule, the reasons for which are obvious, that in an action to recover damages for deceit the misrepresentation relied upon must be specifically alleged. Bigelow on Fraud, pp. 114-116; Am. & Eng. Enc. of Pl. & Pr. pp. 686, 689, and cases cited in notes. Disregarding, as we must, the clause above quoted, this paragraph 13 is merely an assertion by the pleader that from the allegations of Halloran's complaint it reached the conclusion that White had a lien on the land in question for more than $1,700. Such an averment is of no avail if the misrepresentations which it is alleged induced the belief were not of such a nature or made under such circumstances as to justify the belief upon which the party claimed to have acted. Bigelow on Fraud, pp. 115, 139; Neidefer v. Chastain, 71 Ind. 363, 36 Am. Rep. 198; Penn. Ins. Co. v. Crane, 134 Mass. 56, 45 Am. Rep. 282.

In an action to recover damages for deceit, as in every action sounding in tort, it is essential that the complaint show a legal injury resulting proximately in a certain loss or damage. If either of these two essential elements of actionable wrong is lacking, no cause of action is stated. Carroll v. Township of Rye, 13 N. D. 458, 101 N. W. 894. The deceitful misrepresentations are the injury or cause, and the damage is the effect of that cause. In order to disclose a cause of action, the complaint must show that the damage or effect resulted proximately from the cause or injury alleged. Bigelow on Frauds, p. 139; Byard v. Holmes, 34 N. J. Law, 296; Beare v. Wright (N. D.) 103 N. W. 632, 69 L. R. A. 409. Now, it is apparent at a glance that there is nothing in the allegations of Halloran's complaint (and they are the only misrepresentations sufficiently alleged) that could possibly warrant the inference, belief or conclusion that White had a lien for $1,700, or any other specific sum. On the contrary, in that complaint Halloran virtually disclaimed any knowledge as to the amount due and as to whether or not anything was due. It was by reason of this professed ignorance on that subject that Halloran based his demand for an accounting in that action.

Plaintff's complaint not only fails to allege any misrepresentation to the effect that there was $1,700 due to White on the supposed lien, but it fails to show that Halloran represented or admitted that any sum was due. It follows, therefore, that the plaintiff's assertion that he was deceived by Halloran's complaint as to the sum

due on the supposed lien, and induced thereby to pay $1,700 to White, is untrue. The effect alleged could not result, proximately or otherwise, from the cause set forth.

The order appealed from is reversed, and the cause will be remanded, with directions to enter an order sustaining the demurrer. All concur.