(115 N. W. 666.)

---

MICHAEL MALONEY v. GEISER MANUFACTURING CO.

Opinion filed March 21, 1908.

**Principal and Agent — Accounting — Variance — Evidence.**

1. Plaintiff ordered a machine from defendant by written order, which was accepted, and the machine delivered to plaintiff, he paying the freight. The price was not fixed in the order, and the title was to remain in defendant until settlement. After its delivery to plaintiff, he contracted to sell it to another. Before delivery under the latter sale, defendant's general agent agreed with plaintiff that the price of the machine on the sale to plaintiff should be $1,000. Plaintiff then informed the general agent that he had sold it to another for $2,100, and asked the general agent if the company would take this purchaser's security, which the general agent agreed to, and further agreed that plaintiff should have all of said $2,100

over and above the $1,000. The general agent thereafter took the second purchaser's order for the machine, and took the security in defendant's name without mention of plaintiff's interest in the securities, and the company refused to recognize plaintiff's interest in the securities. The complaint alleges a sale of defendant's property by plaintiff as agent. *Held,* that there is no material variance between the proof and the complaint.

**Pleading — Variance.**

2. Before a variance is to be deemed material it must be shown to the satisfaction of the court to be prejudicially misleading.

**Appeal — Harmless Error.**

3. In this case, if the variance were material, no claim of prejudice could avail, as the trial court held the case open for further proof by defendant if surprised by the decision that there was no variance.

**Same.**

4. Objections to certain evidence *held* to be well taken, but that the evidence is not controlling of the decision, in view of other evidence in the record.

Appeal from District Court, Grand Forks county; *Fisk. J.*

Action by Michael Maloney against the Geiser Manufacturing Co. Judgment for plaintiff and defendant appeals.

Affirmed.

*Turner & Wright,* for appellant.

Testimony not tending to support the case made by the pleadings is inadmissible. Woodward v. Ry. Co., 16 N. D. 38, 111 N. W. 627; Leonard v. Fleming, 13 N. D. 629, 102 N. W. 308.

Plaintiff must prevail on the case made in his complaint, or not at all. Barrett v. Wheeler, 24 N. W. 38; Hoffman v. McMorran, 17 N. W. 928; Miller v. Nuchols, 4 L. R. A. (N. S.) 149; Taylor v. Modern Woodmen, 83 Pac. 1099, 5 L. R. A. (N. S.) 283; Lucke v. Clothing, etc., Assembly, 19 L. R. A. 408; Mining Co. v. Johnson, 22 Pac. 459; Browning v. Berry, 12 S. E. 195; Equitable, etc., Co. v. Osborne, 9 So. 861, 13 L. R. A. 267; Fidelity, etc. Co. v. Bank, 25 S. E. 392, 33 L. R. A. 821; Weist v. City of Philadelphia, 200 Pa. 148, 49 Atl. 891; Ry. Co. v. Jennings, 60 N. E. 818.

A material fact alleged and admitted becomes a verity for the purpose of the case. 2 Wig. on Evidence, section 1064; Tisdale v. Delaware & Hudson Canal Co., 22 N. E. 700.

*Guy C. H. Corliss,* for respondent.

Morgan, C. J.   This is an action for an accounting, and the complaint alleges the following facts: "That prior to June 3, 1902, plaintiff had in his possession a Peerless traction engine, thresher, straw carrier, and elevator, constituting a threshing outfit, which was then and there the property of the defendant.   That on or about the said 3d day of June, 1902, plaintiff, as such agent, sold the said property to one Frank J. Roble, for the sum of two thousand ($2,000) dollars, and one hundred ($100) dollars on account of freight to be paid by the said Roble in the future.   That it was understood and agreed between plaintiff and defendant at the time of said sale, and as a part thereof, that the plaintiff might have and receive as and for his commission in connection with said sale all moneys realized by the defendant therefrom except the sum of one thousand ($1,000) dollars.   That under the said sale, and as representing the said purchase price, the defendant took from the said Frank J. Roble four promissory notes, all dated June, 1902, as follows:   [Here follows a description of the notes.]   And to secure the amount of indebtedness secured by the said notes the defendant took from the said Frank J. Roble a chattel mortgage upon said threshing outfit and a real estate mortgage duly executed and delivered by the said Frank J. Roble to the defendant.   That the defendant has utterly refused to pay to the plaintiff any part of said commissions, but assumes the right to collect all of said indebtedness from the said Roble and from the security so held by it, and applied the same to its own use as its own property.   That all of said notes and mortgages were executed to defendant and taken in its name with the understanding that the defendant would account to the plaintiff for all sums realized therefrom over and above the said one thousand ($1,000) dollars."

The relief demanded is that the defendant account to plaintiff for all moneys collected from said Roble by it upon said notes, and that it be decreed to pay to plaintiff all moneys realized therefrom in excess of the sum of $1,000.   And that in case it has collected more than the sum of $1,000, and still has any of said notes and securities in its possession, that it be decreed to assign to said plaintiff the said notes and securities remaining in its hands, in addition to paying to plaintiff all of the moneys collected by it in excess of $1,000.   And in the event that said defendant has not collected from said Roble the said $1,000 the plaintiff prays that it

may be allowed, at its option, to pay to defendant the portion of said $1,000 uncollected by it, on condition that defendant be required to transfer to plaintiff all its interest in said notes and securities. The answer admits that the plaintiff had in his possession the property described in the complaint, and that said property belonged to the defendant, and it also admits that said property was sold by the plaintiff as agent of said defendant, as alleged in the complaint. The answer denies that it was understood and agreed between the parties at the time of the sale that the plaintiff was to receive all sums over $1,000 as commission. The answer further alleges that the plaintiff was its local agent at Granville, N. D., and that the terms of such agency were defined in a written contract between the plaintiff and said defendant, and the answer further alleges that the property described in the complaint was a second-hand outfit, and that under the terms of said contract of agency, the plaintiff was not allowed any commissions for the sale of second-hand machinery. The trial court made findings of fact and conclusions of law in favor of the plaintiff, and found that the plaintiff was entitled to all of the proceeds of said sale over and above said $1,000, and found that the plaintiff was the equitable owner of said notes and mortgages, subject to the obligation of the plaintiff to pay to the defendant the sum of $726.96, with interest from November 16, 1906. This finding is based on the fact that the defendant had collected from said Roble and on foreclosure the sum of $557.53. The judgment gave the defendant full credit for the $1,000 and interest from the date of said notes, less the payments that had been made thereon through payments by Roble and through a foreclosure of the chattel mortgage on the machinery. The defendant has appealed from the judgment rendered on such findings and demands a retrial in this court under the provisions of section 7229, Rev. Codes 1905. The facts shown by the evidence are substantially as follows:

The plaintiff was the agent of the defendant for the sale of machinery at Granville, N. D., and adjacent territory. During such agency the plaintiff sent to the main office a written order for the purchase of the second-hand outfit described in the complaint, and such order was approved by the company at its main office, and the machinery was delivered to the plaintiff at Granville pursuant to such written order. The order did not specify the price to be paid for said machinery; hence the sale was not a com-

plete one. Under the terms of the written order the defendant warranted that said machinery would do satisfactory work, and it further provided that the title to said machinery should be and remain in the defendant until a settlement was made therefor. After the delivery of said machinery to the plaintiff as aforesaid, the general agent of the defendant was sent to Granville to settle with the plaintiff for said machinery. Before said general agent arrived at Granville, the plaintiff had sold the outfit to one Roble for the sum of $2,000, and freight amounting to $100 to be paid by said Roble. No delivery of the machinery had been made under this sale to Roble when the general agent arrived. After due negotiations between the plaintiff and said general agent, the price of the machinery was agreed on at the sum of $1,000. Immediately thereafter the plaintiff asked the general agent if he had any objections if the security for the machinery should be given by another party, and informed the general agent that he had already sold said machinery to Roble, and told the general agent the price at which the sale was made. The general agent stated that he had no objections to the arrangement, and it was thereafter agreed that the general agent and one of the plaintiff's sons should go to the Roble place and settle for the machinery. The parties saw Roble on the next day, and the general agent took from said Roble an order for the said machinery upon a company blank, and took notes and a mortgage from said Roble to the company, and, so far as the papers were concerned, the transaction was shown to be entirely between the company and said Roble, and nothing was stated in those papers in regard to the understanding of the parties that plaintiff was entitled to all of the proceeds of said notes over and above the sum of $1,000. The facts are not in dispute, and the defendant did not offer any testimony at the trial except the contract of agency between the plaintiff and the defendant, and the order for the machinery taken from Roble by the said general agent.

The appellant's contention is that, under the allegations of the complaint, the plaintiff is not entitled to recover for the reason that he sold said machinery as the agent of the plaintiff, and that under the contract of agency he is not entitled to any commissions. The defendant's theory upon the trial and on this appeal is that plaintiff is not entitled to any commissions for the reason that the sale was made by defendant of second-hand machinery, and that no commissions are allowable on account of such sales under the terms

of plaintiff's agency contract. The plaintiff's theory of the transaction is that the general agent of the defendant agreed to accept the contract of said Roble for the purchase of the machine, and the notes and security given by Roble as its security for the $1,000 which was agreed upon as the price which plaintiff was to pay for the machinery, and that the excess of Roble's purchase price should belong to the plaintiff.

We do not find defendant's contention to be true, under which it claims that plaintiff was entitled to no commissions for the sale of second-hand machinery. The clause in the agency contract which controls this question is as follows: "The party of the first part reserves the right to sell second-hand machinery in any territory whatsoever, and said sales shall not in any case be subject to commission." The facts proven show that this sale was not made by defendant, but by the plaintiff. On sales made by plaintiff under his contract, this clause has no application. The machine had been practically purchased by plaintiff for himself before he had accepted the order therefor from Roble. He had paid the freight thereon, and had an interest therein to the extent of the freight paid by him thereon. It is true the purchase price had not been agreed on, and the naked title remained in the company. But these matters are not material in view of the agreement of the general agent thereafter made that plaintiff was to pay $1,000 for the machine, and that plaintiff's sale to Roble should stand, and that plaintiff was to receive all of the purchase price over and above the $1,000. This agreement took the sale out of the operation of the agency contract. It was made by a general agent, whose authority to make such a contract is not disproved. Upon being acquainted with plaintiff's claims to the proceeds of the sale after defendant had been paid, we do not understand that the general agent's authority to make such contract ever to have been disputed. On the contrary, it was defendant's contention that no such agreement was ever entered into by the general agent, but, if so entered into, its binding force would not be contested by defendant. There can be, therefore, no question as to the general agent's authority, and there is likewise no basis for the contention that under plaintiff's agency contract no agent had the right to vary or modify its terms, as the sale was not made under the terms of the agency contract. The appellant insists that there is a variance between the allegations of the complaint and the evidence, and in consequence

thereof there can be no recovery by plaintiff. This claim is based on the evidence received that the sale to Roble was made independent of the agency contract, and as plaintiff's own property.

As we construe the findings, the court did not decide the case on the theory that the sale was made by plaintiff as his own property, but it was decided on the theory that the defendant was the technical owner of the machine when sold, by virtue of the fact that the title was still in the defendant. Plaintiff had in reality contracted to sell his equity in this machine before the price was fixed. Without the consent of the defendant, he could not make a valid sale to Roble, although he had a certain interest in the machinery by virtue of possession, and the payment of the freight. The defendant acquiesced in the Roble sale made by plaintiff, and further agreed to take the security from Roble for the payment of price, and to allow the same to inure to the benefit of plaintiff after the $1,000 was paid. We think the facts proven are within the allegations of the complaint. In effect, it was a sale of the defendant's property by plaintiff as defendant's agent. We deem it immaterial, however, if it were otherwise, and the sale made by plaintiff in his personal capacity, independent of the agency. The variance was clearly without prejudice in view of the order of the trial court allowing the defendant thirty days during which the case was held open for the introduction of any evidence by the defendant, if surprised in a legal sense by the holding of the court that there was no variance between the complaint and the theory on which the case was decided. A variance becomes immaterial unless actually and prejudicially misleading, and shown to the satisfaction of the court to be so and wherein misleading and prejudicial. Section 6879, Rev. Codes 1905; Marshall-McCartney Co. v. Halloran, 15 N. D. 71, 106 N. W. 293. There was no variance "within the entire scope and meaning" of the pleading, and hence it cannot be said to be a failure of proof under section 6881, Revised Codes 1905. However viewed, the defendant cannot justly claim prejudice after the liberal action of the trial court in permitting the right to reopen the case for further evidence if prejudice was claimed.

It is claimed that the plaintiff cannot recover in any event for the reason that defendant has not yet been paid the $1,000. This is not an action for the recovery of commissions as a money demand, but is an action for an accounting and to establish plain-

tiff's interest in the securities ·taken in defendant's name under a special contract. There is no claim made to any part of the securities until defendant has been fully paid. The defendant cannot complain when its rights are thus fully protected. All it can insist on is the payment of the $1,000 and interest, less payments made.

It is claimed that the contract provides that no commissions are payable in case of foreclosure to collect the price of the machines. In this case there was only a partial foreclosure, and the real estate security is still unforeclosed. However, plaintiff's rights in this case, as before stated, are not determinable under the agency contract. The plaintiff was the equitable owner of the machine when sold to Roble, although in strictness the title was in the defendant. These facts differentiate it from sales under the agency contract.

Errors are claimed in the admission of secondary evidence of a contract between defendant and the general agent showing his authority. The execution of the contract was not proven. We do not think such evidence admissible, and have not considered it on this appeal. The fact that Martin was the defendant's general agent, and was sent to settle with plaintiff for the machine, sufficiently shows his authority to consummate the deal without even considering the fact that defendant never has repudiated the transaction on the ground that Martin was not authorized to act for the defendant in the premises. Words & Phrases, vol. 4, p. 3049.

The judgment is affirmed. All concur.

FISK, J., being disqualified, did not sit on the hearing of this case, and did not participate in the decision; Hon. CHAS. F. TEMPLETON, judge of the First judicial district, sitting by request.