## K. W. RICKEL v. S. F. SHERMAN.

(158 N. W. 266.)

Verdict — evidence — substantial support — supreme court — will not weigh evidence — new trial — order denying — ground — insufficiency of evidence.

1. Where a verdict has substantial support in the evidence, the supreme court will not weigh conflicting evidence; nor will it disturb such verdict, or an order denying an application for a new trial based upon alleged insufficiency of the evidence.

Civil action — variance between pleading and proof — where material — misleading — prejudicial — action — defense.

2. Under § 7478, Compiled Laws 1913, a variance in a civil action is not material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense.

Pleading and proof — variance — failure of proof — waiver — question — must be raised — on trial.

3. A variance between the pleading and the proof, not amounting to a failure of proof, is waived unless such question is raised seasonably, in an appropriate manner upon the trial of the cause.

Opinion filed May 13, 1916.   Rehearing denied June 13, 1916.

Appeal from District Court, Cass County; *Pollock,* J.

From a judgment and an order denying a new trial, defendant appeals.

Affirmed.

*Pollock & Pollock,* for appellant.

Plaintiff sued upon an express contract, and he failed to show performance on his part. He cannot rely upon the contract in part, and repudiate it in part. 7 Mod. Am. Law, foot page 447–449, 4 Cyc. 326; Wernli v. Collins, 87 Iowa, 548, 54 N. W. 365; Nollman v. Evenson, 5 N. D. 344, 65 N. W. 686; Boyce v. Timpe, — Iowa, —, 89 N. W. 83.

*W. J. Courtney,* for respondent.

The finding of the jury upon conflicting evidence is conclusive upon the appellate court, or on motion for a new trial. Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; Black v. Walker, 7 N. D. 414, 75 N. W. 787; Bishop v. Chicago, M. & St. P. R. Co. 4 N. D. 536, 62 N. W. 605; Muri v. White, 8 N. D. 58, 76 N. W. 503; Howland v. Ink, 8 N. D. 63, 76 N. W. 992; Becker v. Duncan, 8 N. D. 600, 80 N. W. 762; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Magnusson v. Linwell, 9 N. D. 154, 82 N. W. 746; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Drinkall v. Movius State Bank, 11 N. D. 10, 57 L.R.A. 341, 95 Am. St. Rep. 693, 88 N. W. 724; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; State v. Montgomery, 9 N. D. 405, 83 N. W. 873; State v. Howser, 12 N. D. 495, 98 N. W. 352.

Where it appears that there is substantial conflict in the evidence, a motion for a new trial will be denied. Lang v. Bailes, 19 N. D. 582, 125 N. W. 891; Casey v. First Bank, 20 N. D. 212, 126 N. W. 1011; Lowry v. Piper, 20 N. D. 637, 127 N. W. 1046. A strong case see Galvin v. Tibbs, H. & Co. 17 N. D. 600, 119 N. W. 39.

CHRISTIANSON, J. Plaintiff, in his complaint in this action, alleges that he was employed by the defendant, Sherman, on or about April, 1913, to do certain breaking in Cass county, in this state, and that said defendant agreed to pay plaintiff $3 per acre for such breaking; that under the terms of said agreement the plaintiff broke 515 acres of said land in the spring of 1913, and that defendant has

refused and failed to pay therefor. The defendant's answer was a general denial. The case was tried to a jury and resulted in a verdict for plaintiff. Defendant moved for a new trial, which was denied, and he has appealed to this court from the judgment and the order denying a new trial.

The only question argued by appellant is that the evidence was insufficient to justify and support the verdict. This argument is based upon the theory that the contract proven was different from that alleged. Appellant's counsel in their brief say: "The plaintiff alleged in his complaint a certain contract and proved an entirely different one.

"The contract alleged was for breaking alone, and no reference in the allegations of the complaint is made to any other employment under it, or any bargain between the plaintiff and defendant for any other work of any kind, character, or description.

"The proof offered at the trial in support of the allegations of the complaint are of a contract or oral bargain, not alone for the. breaking, but also for the seeding, harvesting, threshing, and delivery of the crop, etc."

It is true the evidence showed that the contract between the plaintiff and defendant embraced other things besides breaking. But it is also true that the evidence showed that the only point in dispute between the parties respecting the terms of the contract was whether defendant agreed to pay plaintiff $3 per acre for breaking the land. The other provisions of the contract were not disputed. Both parties testified that plaintiff was to sow flax upon the land broken, and harvest, thresh, and deliver the same at the elevator. Both parties conceded that under the terms of their agreement plaintiff was entitled to receive one half of the net proceeds of such flax. Defendant claimed that this was the only compensation which plaintiff was to receive, but plaintiff claimed that defendant also agreed to pay plaintiff $3 per acre for the land broken and seeded to flax. Hence, as already stated, the only point in dispute between the parties was whether defendant agreed to pay plaintiff $3 per acre for the land so broken and seeded to flax, and the case was tried upon the theory that this was the sole point at issue. The evidence showed that the plaintiff not only broke the land, but seeded it to flax and harvested

and threshed such flax crop and caused the same to be delivered at the elevator, and that defendant received the proceeds thereof, but no issue was presented by either party regarding the division of such proceeds.

It was conceded that plaintiff had actually broken 490 acres, that he had been paid nothing therefor and that, if he was entitled to recover at all, he was entitled to recover $1,470. The jury was fully instructed upon this question, and directed to find upon this issue alone. No exceptions were taken to these instructions, and they are concededly correct. The record shows that at the close of the testimony a colloquy took place between the court and counsel of which the following is a part:

The Court: Gentlemen, I would like to hear what you are going to present to this jury; what theory you are going to the jury on. I must confess I am a little confused as to what your respective desires are under the testimony as now offered?

Defendant's Counsel: We have been trying just one question, your Honor, we had, of course, to go into various things that were mere side lights, and that perhaps we should not have gone into, but it seems to us there is just one question to be submitted to this jury, and that is the issue in this case and the only issue, was or was there not a contract?

The Court: Well, suppose the jury find against you on that, and find that there was a contract for $3 an acre, then what?

Defendant's Counsel: We have no counterclaim.

The Court: I know that; but do you concede then, if, under the condition of this record, the jury find that there was a contract for $3 an acre, then the judgment must go against you for the $3 an acre?

Defendant's Counsel: He must show a contract and a performance on his part in order to recover, and his recovery, if he is entitled to recover on a contract made and performed, is $3 an acre; I don't know how it can be anything else.

The record shows that there was a square conflict in the evidence upon the question of whether the defendant agreed to pay plaintiff $3 per acre for the breaking. This being true, neither the verdict nor the court's ruling in denying the application for a new trial on the

ground of the alleged insufficiency of the evidence will be disturbed, as "the rule is firmly settled that this court will not weigh conflicting evidence, nor disturb the order of a trial court granting or denying a new trial, where there is substantial conflict in the testimony." Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; Lang v. Bailes, 19 N. D. 582, 125 N. W. 891; Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; Black v. Walker, 7 N. D. 414, 75 N. W. 787.

The record also shows that defendant's counsel made no objection to the evidence offered by plaintiff on the ground of variance; neither did they move for a nonsuit or a directed verdict on the ground of failure of proof, but they permitted the case to be submitted to the jury upon the theory that the only question involved was whether defendant had agreed to pay plaintiff the sum of $3 per acre for breaking the land.

Under the provisions of the Code of Civil Procedure (Comp. Laws 1913, § 7478), a variance is immaterial unless actually and prejudicially misleading, and shown to the satisfaction of the court to be so. The effect of these statutory provisions was considered by this court in Halloran v. Holmes, 13 N. D. 411, 416, 101 N. W. 310, wherein this court, speaking through Mr. Justice Engerud, said: "Under the provisions of the Code of Civil Procedure, a variance, unless it amounts to a failure of proof, is not material, unless 'it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits.' If the objecting party asserts that such is its effect, 'the fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as shall be just.' Rev. Codes 1899, § 5293. 'When the variance is not material as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs.' Rev. Codes 1899, § 5294. The effect of these provisions is to make the materiality of a variance depend upon satisfactory proof that it has actually misled the adverse party to his prejudice. Unless such proof is furnished the variance must be deemed immaterial and be disregarded. Washburn v. Winslow, 16 Minn. 33, Gil. 19; Catlin v. Gunter, 11 N. Y. 368, 62 Am. Dec. 113; North Star Boot & Shoe Co. v. Stebbins, 3 S. D. 540, 54 N. W. 593. In this case, although the defendants objected to the evidence in question on the

ground of variance, they did not support their objection by proof, or offer of proof, that they were prejudicially misled by the variance in maintaining their defense on the merits. In the absence of such proof, an objection for variance is unavailing, unless the variance is of such a degree as to be a failure of proof, as defined in § 5295, Rev. Codes 1899. Under that section a failure of proof results only 'when . . . the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning.' " See also Robertson v. Moses, 15 N. D. 351, 108 N. W. 788; Maloney v. Geiser Mfg. Co. 17 N. D. 195, 115 N. W. 669.

In the case at bar the evidence offered by the plaintiff did not leave the allegation, plaintiff's cause of action, unproved "in its entire scope and meaning," or even in any particular, but such evidence tended to establish every fact alleged in plaintiff's complaint, and tended to show an agreement on the part of the defendant to pay plaintiff $3 per acre for the breaking of the land. Obviously the variance did not amount to a failure of proof. The objection now presented could have been obviated by an amendment to the complaint. Defendant does not contend that he was misled to his prejudice in maintaining his defense upon the merits. Under these circumstances we have no hesitancy in holding that the defendant cannot now be heard to assert that the evidence established a contract variant from that alleged in the complaint, but that such objection (if tenable) was waived by failure to raise the same seasonably in the trial court. 22 Enc. Pl. & Pr. 629–640; 13 Enc. Ev. 740 et seq.; Adams v. Castle, 64 Minn. 505, 67 N. W. 637; see also 3 C. J. §§ 720 et seq.

The judgment and order denying a new trial are affirmed.

### On Petition for Rehearing.

A petition for rehearing has been filed wherein it is asserted that plaintiff has failed to establish a cause of action, and that consequently he was not entitled to recover against the defendant. Appellant's proposition is stated in the petition for rehearing as follows: "The defendant alleged a contract for the breaking of certain lands at $3 per acre. He proved that he had made a contract not only for the

breaking of the land, but for the seeding of it, harvesting, and threshing of a crop to be grown thereon; that it was one entire, comprehensive, and complete contract covering all of the work so to be done. He failed to prove that he had performed the conditions of the contract other than for the breaking on his part to be performed and done. We are endeavoring to contend for the principle that in order to recover upon a contract a party must, as a part of his burden of proof, show performance on his part of all the conditions on his part to be done and performed as a condition precedent to any recovery."

In our former opinion we set out a portion of a colloquy had between court and counsel at the close of the testimony. The record also shows that toward the end of such colloquy, the following statements were made by the court and respective counsel, viz.:

The Court: Now, do I understand you, Mr. Pollock, that if the jury finds against you, and find that the contract was that he should receive $3 an acre for the breaking, that it then follows that they must give a judgment against you for $1,470?

Mr. Pollock: No; I think probably they should go a step further and show that it has not been paid; to show that that is the contract, and that he has performed it, and that he has not had his money.

The Court: That brings up the further question then, Do you claim that these advances were paid on the plowing?

Mr. Pollock: No; we don't claim there was any obligation on our part to pay for the plowing.

The Court: I know you don't, but suppose the jury finds against you, then what?

Mr. Pollock: Will the court suggest what he wants me to say; they sue on a contract and they allege it has not been paid and that they performed the contract.

The Court: They say they have received nothing, and you haven't put in any evidence that you have paid for the plowing.

Mr. Pollock: We deny that we made any contract to pay for the plowing.

The Court: *Then I don't see on that theory that there is anything here to go to the jury except the one question, if the contract was as they claim, $3 an acre, then they must have a verdict for $1,470 and interest; if they find, however, that there was no contract to pay for*

*the breaking then they must find for the defendant.* Is that your understanding Mr. Courtney ?

Mr. Courtney: That is the theory. . . .

The Court: It is a very simple matter that way; that is the easier way for me to write the charge; that is the path of least resistence.

The obvious purpose of the court's inquiry was to ascertain what questions of fact were actually in dispute between the parties. After such inquiry the trial court arrived at the conclusion "that there was nothing to go to the jury except the one question, if the contract was as plaintiff claims, then he must have a verdict for $1,470 and interest; but if the jury find, however, that there was no contract to pay for the breaking, then they must find for the defendant." Neither party disputed the correctness of such conclusion. The trial court instructed the jury in accordance therewith. No exceptions were taken to such instructions. No motion was made for a directed verdict. Nor was the sufficiency of the evidence questioned in any manner upon the trial.

The case was tried upon the theory that the controlling question at issue was whether defendant had agreed to pay plaintiff $3 per acre for breaking the land. Plaintiff asserted that such agreement had been made, whereas defendant claimed that he never agreed to pay plaintiff anything for the breaking. Both parties to the litigation treated this as the point at issue. Defendant's counsel was aware that the trial court believed this to be the only disputed question. In the order denying a new trial, the trial court said: "It will suffice to say that the record shows the case was tried upon the theory of a 'contract for breaking' alone. I remember the court was at first perplexed as to the true nature of the action, but very soon made a statement which indicated what was in his mind (Transcript 17, Line 8). 'You allege a contract for the breaking of the land at $3 an acre, and he is trying to show that was not the contract.' After the evidence was all in and both parties rested, the court, to make sure of the issues, had a long colloquy with counsel (pages 114 to 118), and finally, without objection, placed the one issue before the jury. Upon the ground in point one, therefore, even if tenable, the granting of a new trial would it seems to me be an abuse of discretion."

34 N. D.—20.

The rule is well settled that where both parties act upon a particular theory of the cause of action, they will not be permitted to depart therefrom on a motion for new trial or in the appellate court. And *"where a case is tried without objection, upon the theory that the only issue is as to one question of fact, a party cannot urge, in the appellate court, that the evidence upon some other question of fact was insufficient to justify the verdict. And when parties submit a cause upon a single hypothesis, and expressly or impliedly agree that that point shall be the only one for the jury, they cannot insist that the court erred in excluding testimony not pertinent to the question, or that evidence as to some other question was not introduced."* (3 C. J. § 623, p. 729.) See also Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648.

This language is directly applicable to the proposition presented by the petition for rehearing. The cause was tried and submitted in the court below upon the theory that the question of plaintiff's right to recover was dependent upon whether defendant had agreed to pay $3 per acre for the breaking. Having tried the case upon the theory that this was in reality the only question at issue, he cannot, after having been defeated upon this issue, assert that plaintiff was also required to establish other facts.

The petition for rehearing is denied.