## H. L. GAYLORD v. ROSANDER & COMPANY.[1]

January 7, 1921.

No. 22,103.

**Pleading — variance as to date of sale waived.**

1. A variance of a few days time as to the date of a sale, between

[1]Reported in 181 N. W. 583.

148 M.—4.

the pleadings and proof, is waived by a failure to seasonably object to the evidence on that ground.

**Verdict supported by evidence.**

2. Evidence considered and held sufficient to support the verdict.

Action in the district court for Polk county to recover $389.64, the price of a shipment of potatoes to defendant. The case was tried before Watts, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $343.80. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. T. Larson,* for appellant.

*F. A. Grady,* for respondent.

QUINN, J.

It is alleged in the complaint that, on or about June 5, 1919, the plaintiff sold and delivered to the defendant, free on board cars at Fertile, Minnesota, 22,920 pounds of potatoes at the agreed price of $1.70 per 100 pounds, which the defendant agreed to pay therefor. The answer is a general denial. There was a verdict for the plaintiff. From an order denying its alternative motion for judgment or a new trial the defendant appealed.

Upon the trial the plaintiff testified without objection that the witness J. E. Christianson, some time in the latter part of May, 1919, called upon him at his place of business in the village of Fertile, and informed him that he was buying potatoes for the Rosander Company of Minneapolis, and was paying $1.60 for red and $1.70 for white potatoes; that plaintiff informed Mr. Christianson that he had about one-half car in the warehouse, and could let him have a car in about a week, but that he would not sell less than a carload; that Christianson then called upon Mr. Erickson and arranged to have him ship a half car, and agreed to take a car from plaintiff, one-half to be shipped as soon as loaded in a car with those bought from Erickson, and the balance to be shipped a few days later; that on May 29 the first one-half car was shipped pursuant to agreement and paid for; that a few days later

Chistianson called Erickson over the 'phone and wanted more potatoes. Erickson testified, in effect, that during such conversation Christianson consented to the plaintiff's including one-half car of potatoes in his car, and that he consulted plaintiff with reference thereto; that on June 5 plaintiff loaded one-half of the car and Erickson the balance. Thereafter the plaintiff made a draft on the defendant for the amount of his half car at $1.70 per hundred. The draft was returned unpaid. Plaintiff brought this suit to recover therefor. Christianson testified upon the trial that at the times in question he was buying potatoes for the defendant, and that he bought and paid plaintiff on behalf of the defendant for the first one-half carload referred to, but denies ever having agreed to buy or take the second half car. He says that about June 12 or 13 he saw a car at defendant's place of business, but could not say whose car it was; that about 40 per cent of the potatoes in the car were rotten and not fit for market, and that the balance was in fair condition and was unloaded and put into defendant's warehouse.

The trial court submitted to the jury whether Christianson was the agent of defendant, with authority to buy the potatoes in question, as it is claimed he did, and whether the sale referred to was for a whole car or only for half a car. We are of the opinion that the issues as tried were fully and fairly submitted to the jury and that the proofs support the verdict. There was a slight variance between the pleading and proof as to the time of the sale of the potatoes. There was no objection to any evidence upon that ground during the entire trial. As the record stands the variance appears to have been waived. There was a difference of but a few days in time, and the court would undoubtedly have allowed an amendment in that respect had objection been made upon the trial. Adams v. Castle, 64 Minn. 505, 67 N. W. 637.

Affirmed.