# THOMAS CASEY v. FIRST BANK OF NOME.

(126 N. W. 1011.)

**Appeal and Error — Appellate Court Adheres to Theory upon Which Case was Tried Below.**

1. Action to recover damages for the conversion of certain grain. The undisputed facts disclose that the grain was raised by one A under the ordinary cropper's contract entered into with plaintiff, the owner of the land, by the terms of which the title to all crops was reserved in plaintiff as security for the performance by A of the terms of the contract and until a division of the grain. Prior to such division defendant, with the consent of A, took and appropriated 405 bushels of wheat which, upon full compliance with the contract by A and the payment of all advances made by plaintiff to him, would belong to A. Counsel upon both sides tried the case upon the theory that plaintiff could not recover if the equitable title to said wheat was in A. In other

words, that the test of plaintiff's right to recover should be whether anything was owing by A to plaintiff under the contract. *Held,* that such theory must prevail in this court, and the questions presented on the appeal determined in accordance therewith.

**Appeal and Error — Verdict — Conflicting Evidence — New Trial — Finding of Jury Sustained.**

2. Evidence examined, and *held* that there is a substantial conflict upon the issue as to whether, at the date of the alleged conversion, A was indebted under the contract to plaintiff in any sum. The verdict of the jury having substantial support in the evidence, this court will not weigh the conflicting evidence nor disturb the order of the trial court denying plaintiff's motion for a new trial.

**Appeal and Error — New Trial — Discretion of Court — Abuse of Discretion.**

3. The application for a new trial upon the ground of alleged insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial court, and the order of that court denying such new trial will not be reversed unless the record discloses a case of abuse of discretion. No abuse of discretion is shown.

**Trial — Instructions — Burden of Proof.**

4. Certain instructions of the court to the jury relative to the burden of proof, and also as to certain matters which the jury should consider in determining the status of the account between plaintiff and A, considered, and *held,* for reasons stated in the opinion, not erroneous.

Opinion filed May 14, 1910.

Appeal from District Court, Barnes county; *E. T. Burke, J.*

From a judgment in defendant's favor and from an order denying a motion for a new trial, plaintiff appeals.

Affirmed.

*A. P. Paulson,* for appellant.

*Page & Englert,* for respondent.

FISK, J. Plaintiff sues to recover damages for the conversion by defendant of 405 bushels of wheat, alleged to have been the property of plaintiff at the date of such alleged conversion. The answer amounts to a general denial. The issues were tried to a jury, and a verdict in defendant's favor was returned, upon which verdict a judgment was entered accordingly. Thereafter a motion for a new trial

was made and denied, and the appeal is both from the judgment and from the order. denying the motion for a new trial.

·The grain in controversy was grown, during the season of 1906, upon land owned by the plaintiff. One Abrahamson raised said grain under the usual cropper's contract theretofore entered into between himself and plaintiff, by the terms of which plaintiff was to furnish the seed and pay one half of the threshing-machine bill. Abrahamson was to farm the land at his own expense and to pay all bills except as above stated, and he was to plow back a certain portion of the land in the fall. The title of all grain was to remain in plaintiff until such plowing was done and a settlement made, when Abrahamson was to receive one half of all crops thus raised.

It is an undisputed fact in the case that defendant bank took and appropriated, by Abrahamson's consent, 405 bushels of the wheat, applying the proceeds upon certain indebtedness due by Abrahamson to the bank. At the time said wheat was appropriated no division had been made of the grain, nor had any settlement between plaintiff and Arbahamson been effected. The case was tried in the court below by both parties, upon the theory that no recovery could be had by plaintiff if, at the time this grain was appropriated by the defendant, Abrahamson was equitably entitled to such grain. Such theory must prevail in this court in disposing of the questions presented. Counsel, in adopting such theory, were, no doubt, attempting to follow the rule in such cases as announced by this court in Aronson v. Oppegard, 16 N. D. 595, 114 N. W. 377; but in that case it was held merely that it is proper to show in mitigation of damages the extent of plaintiff's interest in the grain, and to this end defendant may show the status of the account between plaintiff and the cropper under the contract between them. Manifestly, as against defendant, plaintiff should recover no more damages than he has suffered by reason of the taking and appropriating of the grain as aforesaid. The extent of his interest measures the extent of the detriment suffered by him by reason of the taking and appropriating of such grain, with the exception of any special damages which are alleged and shown. The theory adopted by counsel is but another way of invoking the principle above stated.

The first nine assignments of error are mere duplicates of the so-called specifications of error in the abstract. Assignments 1 to 6 in-

clusive relate to the question of the sufficiency of the evidence to support the verdict. It is urged by respondent's counsel that such assignments constitute mere statements of what the ultimate facts show, and that they are insufficient in that they fail to point out the particulars wherein the evidence does not sustain the verdict. Such criticism is not wholly without merit; but it is unnecessary to pass upon such objections, as the question of the sufficiency of the evidence to support the verdict is properly raised under other assignments.

Assignment numbered 11 predicates error upon the denial of the motion of defendant for a new trial. Such assignment requires a review of such specifications as are properly made and incorporated in the settlement of case, and we think that the so-called specifications numbered 5 and 6, incorporated in the statement of case, are sufficient to raise such question.

Our first inquiry, therefore, is as to whether there is any sufficient evidence to warrant the jury in returning the verdict complained of. Practically, the only contested issue of fact in the case was whether, at the date the alleged conversion took place, Abrahamson was indebted to plaintiff in any sum for advances made or otherwise by the latter to him under the cropper's contract aforesaid. We are agreed that this question must be answered in the negative. It would serve no good purpose to review the testimony at length. Suffice it to say that, after due consideration of the record as presented to this court, we are entirely satisfied that the verdict has substantial support in the evidence. This being true, such verdict will not be disturbed by this court. The rule is firmly settled that this court will not weigh conflicting evidence, nor disturb the order of a trial court granting or denying a new trial, where there is a substantial conflict in the testimony. The application for a new trial upon the ground of the alleged insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial court, and the order of that court will not be reversed unless the record discloses a case of abuse of discretion. Gull River Lumber Co. v. Osbrone-McMillan Elevator Co. 6 N. D. 276, 69 N. W. 691; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Libby v. Barry, 15 N. D. 286, 107 N. W. 972; Bristol & S. Co. v. Skapple, 17 N. D. 271, 115 N. W. 841.

The only other assignments which are discussed in appellant's brief relate to the correctness of certain instructions of the court to the jury. The portion of the instruction first complained of is as follows: "The burden is on Mr. Casey to show that he is the owner of the wheat; if he cannot show that, your judgment will be for the State Bank of Nome. As I told you, the burden is on Mr. Casey to show the facts that he has alleged, by a fair preponderance of the evidence." The other instruction complained of is the following: "In order that there may be no misunderstanding, you will take into consideration all of the evidence as was admitted here between Mr. Abrahamson and Mr. Casey; that is, regarding the wheat, flax, oats, and barley, and board and hiring of the horses and wagons; you will take these items all into consideration and arrive at a standing of account between Mr. Casey and Mr. Abrahamson, and determine whether or not Mr. Casey was entitled to this particular wheat which was taken."

The instruction first complained of is, we think, not subject to criticism. It, in a general way, stated the law correctly. If plaintiff desired specific instructions relative to the burden of proof as to matters in mitigation of damages, or, in other words, as to the nature and extent of plaintiff's special interest in the property, if any, under the cropper's contract, he should have requested such instructions. Failing to do so, he is not in a position to complain.

Regarding the other portion of the instruction complained of, we discover no error. In the first place, the alleged error in the giving of such instruction is not specified with sufficient particularity. The instruction is challenged solely on the ground that it includes within the matters which are to be taken into consideration by the jury the question of the board bill, but this feature of the instruction was not particularly called to the attention of the trial court by the specification of error contained in the settled statement of case. Furthermore, the witness Abrahamson, near the close of the trial, was permitted to testify without objection that Casey owed him a balance of $239.50 for board, and in the light of this testimony the instruction aforesaid was entirely proper.

Finding no error in the record, the judgment and order appealed from are affirmed. All concur.