# PETER J. KERSTEN v. GREAT NORTHERN RAILWAY COMPANY.

## (147 N. W. 787.)

**Evidence — verdict.**

1. Evidence examined, and found sufficient to sustain the verdict.

**Evidence — train wreck — effect of upon other passengers — conditions — error — cured by instructions.**

2. Evidence offered by the defendant, showing the effect upon other passengers and train crew who were in the same wreck, was first rejected by the trial court for the reason that the conditions surrounding such witnesses differed materially from those surrounding the plaintiff. As to most of the witnesses this objection was properly sustained. However, the trial court later made the following statement to defendant's counsel: "I don't think this evidence is admissible, but I am going to let it in, and you, gentlemen of the jury, when I let it in, will consider it for what it is worth after the instructions of the court at the close of the case." After these remarks the defendant recalled certain of his witnesses, who were allowed to testify along the lines desired. If there was any error it was cured by this proceeding.

**Physician — testimony — based on testimony of plaintiff — hypothetical question — objections.**

3. A doctor was called as a witness, and was asked to base his opinion entirely upon the testimony of the plaintiff, which he had heard, and to state what in his opinion was the cause of the injuries of which the plaintiff complained. The defendant objected upon the grounds that the question "assumed a state of facts not in controversy, irrelevant, incompetent, and no foundation laid." *Held*, that the objection was insufficient to raise the point that it was not a proper hypothetical question.

**Physician's testimony — medical text-books — cross-examination — test of credibility of witness.**

4. A doctor who testified for the defendant was asked upon cross-examination as to whether or not certain medical text-books and authorities sustained a doctrine contrary to that held by him. Defendant objected to this inquiry. It appears that the text-books in question were presented to the witness, thus showing the good faith of the questioner. The cross-examination was proper to test the credibility of the witness.

**Error — Cross-examination — restriction — trial court — discretion.**

5. It was not reversible error to restrict the cross-examination of plaintiff's witness, Dr. Jones, such matters resting largely in the sound discretion of the trial court.

**Questions — objections — facts not in evidence — assuming.**

6. Objection was properly sustained to the following question asked of defendant's expert, Dr. Sihler: Q. "Could that condition, or these symptoms, be brought about by a tap on the head, not severe enough to produce any immediate symptoms of that kind?" The question assumed a state of facts not in evidence. The same objection was sustained to other questions set forth in the opinion.

**Argument of counsel — complaint — amendment — request for — allowance.**

7. During the argument to the jury, plaintiff asked to amend his complaint in a slight particular, in no way changing the issues, nor necessitating any substantial change in the defense. There was no error in allowing the amendment.

**Instructions — jury — proper.**

8. Certain instructions of the trial court examined and no error found therein.

**Refusal of instructions — covered by other portions of charge.**

9. Certain instructions refused by the trial court are found to be fully covered by other portions of the charge.

**Burden of proof — defendant — instructions.**

10. Certain instructions examined and *held* not to place the burden of proof upon the defendant.

**Trial court — conduct — prejudice — defendant's rights.**

11. Defendant insists that the general conduct of the trial court was calculated to, and did, prejudice the defendant's rights. Careful examination of the record does not substantiate this complaint.

Opinion filed May 20, 1914.

Appeal from the District Court of Ramsey County, *Cowan,* J. Affirmed.

*Murphy & Duggen,* for appellant.

The evidence is clearly insufficient to sustain the verdict and judgment; assuming negligence, there is no proof of injury. Wright v. Sioux Falls Traction System, 28 S. D. 379, 133 N. W. 696.

The inference of a fact is wholly insufficient. Saunders v. Chicago & N. W. R. Co. 6 S. D. 40, 60 N. W. 148; Balding v. Andrews, 12 N. D. 267, 96 N. W. 305, 14 Am. Neg. Rep. 615; Gebus v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 29, 132 N. W. 227.

Mere opinion evidence as to the speed of the train, or as to the severity of the alleged jar or shock, is very unreliable, and affords little assistance in arriving at or determining the true physical facts. Foley v. Boston & M. R. Co. 193 Mass. 332, 79 N. E. 765; Chicago Union Traction Co. v. Duckstein, 136 Ill. App. 389.

Evidence of the general effect of the accident, the severity of the shock, including injuries to other persons, is competent. Missouri, K. & T. R. Co. v. Wright, — Tex. Civ. App. —, 47 S. W. 56; Mullin v. Boston Elev. R. Co. 185 Mass. 521, 70 N. E. 1021; International & G. N. R. Co. v. Duncan, 55 Tex. Civ. App. 440, 121 S. W. 362; West Chicago Street R. Co. v. Kennelly, 170 Ill. 508, 48 N. E. 996, affirming 66 Ill. App. 244; Remy v. Olds, 4 Cal. Unrep. 240, 34 Pac. 216; Vietti v. Nesbitt, 22 Nev. 390, 41 Pac. 151, 18 Mor. Min. Rep. 247; Waterhouse v. Jos. Schlitz Brewing Co. 16 S. D. 592, 94 N. W. 587; W. F. Corbin & Co. v. United States, 104 C. C. A. 278, 181 Fed. 296; Lyman v. Boston & M. R. Co. 66 N. H. 200, 11 L.R.A. 364, 20 Atl. 976; Burg v. Chicago, R. I. & P. R. Co. 90 Iowa, 106, 48 Am. St. Rep. 419, 57 N. W. 680.

An amendment should not be allowed after the case is tried, which raises an independent issue, not a part of or connected with the cause as originally set out, and upon which the case was litigated. Patrick

v. Whitely, 5 Ann. Cas. 676, note; Ridgely v. Dobson, 3 Watts & S. 118; Heegaard v. Dakota Loan & T. Co. 3 S. D. 569, 54 N. W. 656; Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; Wood v. Pehrsson, 21 N. D. 357, 130 N. W. 1010; Swedish American Nat. Bank v. Dickinson Co. 6 N. D. 222, 49 L.R.A. 285, 69 N. W. 455; Great Northern R. Co. v. Herron, 68 C. C. A. 599, 136 Fed. 49; Paulsen v. Modern Woodmen, 21 N. D. 235, 130 N. W. 231; Woodward v. Northern P. R. Co. 16 N. D. 38, 111 N. W. 627; Murphy v. Plankinton Bank, 20 S. D. 178, 105 N. W. 245; O'Neill v. Jones, 24 S. D. 79, 123 N. W. 495; Ramirz v. Murray, 5 Cal. 222; Western Cornice & Mfg. Works v. Meyer, 55 Neb. 440, 76 N. W. 23; Allen v. Davenport, 115 Iowa, 20, 87 N. W. 743; Derosia v. Ferland, 83 Vt. 372, 28 L.R.A.(N.S.) 577, 138 Am. St. Rep. 1092, 76 Atl. 153; Allen v. Tuscarora Valley R. Co. 229 Pa. 97, 30 L.R.A.(N.S.) 1096, 140 Am. St. Rep. 714, 78 Atl. 34.

Where the record fails to show that an issue was tried, it is improper to allow an amendment to cover same. Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811; Rockwell v. Holcomb, 3 Colo. App. 1, 31 Pac. 944; Miller v. Kenosha Electric R. Co. 135 Wis. 68, 115 N. W. 355; O'Neill v. Jones, 24 S. D. 79, 123 N. W. 495; Williams v. Lowe, 49 Ind. App. 606, 97 N. E. 809.

The test is, Is the issue the same in the amendment as in the original pleading, but stated in a more amplified form? Ft. Wayne Iron & Steel Co. v. Parsell, 49 Ind. App. 565, 94 N. E. 770; Blake v. Minkner, 136 Ind. 418, 36 N. E. 246; Fleming v. Anderson, 39 Ind. App. 343, 76 N. E. 266; Thrall v. Gosnell, 28 Ind. App. 177, 62 N. E. 462; 1 Cyc. 556 and notes; Missouri, K. & T. R. Co. v. Bagley, 3 L.R.A. (N.S.) 259 notes; Whalen v. Gordon, 37 C. C. A. 70, 95 Fed. 305; Chicago General R. Co. v. Carroll, 189 Ill. 273, 59 N. E. 551; Walker v. Wabash R. Co. 193 Mo. 453, 92 S. W. 83; Kirchner v. Smith, 28 Ohio C. C. 45; Bick v. Vaughn, 140 Mo. App. 595, 120 S. W. 618; Johnson v. American Smelting & Ref. Co. 80 Neb. 250, 114 N. W. 144, 116 N. W. 517; Liese v. Meyer, 143 Mo. 547, 45 S. W. 282; Hume v. Kelly, 28 Or. 398, 43 Pac. 380.

A question propounded to a physician testifying as an expert, which merely assumes that the physician heard all of the evidence of the plaintiff, is wholly improper. Baehr v. Union Casualty & S. Co. 133 Mo.

App. 541, 113 S. W. 689; D'Arcy v. Catherine Lead Co. 155 Mo. App. 266, 133 S. W. 1191; Chalmers v. Whitmore Mfg. Co. 164 Mass. 532, 42 N. E. 98; Elgin, A. & S. Traction Co. v. Wilson, 217 Ill. 47, 75 N. E. 436, 19 Am. Neg. Rep. 145; Kaw Feed & Coal Co. v. Atchison, T. & S. F. R. Co. 129 Mo. App. 498, 107 S. W. 1034; Jones v. Chicago, St. P. M. & O. R. Co. 43 Minn. 279, 45 N. W. 444; Chicago, R. I. & P. R. Co. v. Moffitt, 75 Ill. 524; Craig v. Noblesville & S. C. Gravel Road Co. 98 Ind. 109; State v. Bowman, 78 N. C. 511; McCarthy v. Boston Duck Co. 165 Mass. 165, 42 N. E. 568.

Medical books are not admissible in evidence. Burt v. State, 38 Tex. Crim. Rep. 397, 39 L.R.A. 305, 40 S. W. 1000, 43 S. W. 344.

Where a witness erroneously refers to and quotes from text-books, such books may be introduced to rebut such statements. 3 Wigmore, Ev. ¶ 1700; Eggart v. State, 40 Fla. 527, 25 So. 144; Harper v. Weikel, 28 Ky. L. Rep. 650, 89 S. W. 1125; Marshall v. Brown, 50 Mich. 148, 15 N. W. 55; Fisher v. Southern P. R. Co. 89 Cal. 399, 26 Pac. 894, 9 Am. Neg. Cas. 104; State v. Thompson, 127 Iowa, 440, 103 N. W. 377; Stone v. Seattle, 33 Wash. 644, 74 Pac. 808; Union P. R. Co. v. Yates, 40 L.R.A. 553, 25 C. C. A. 103, 49 U. S. App. 241, 79 Fed. 587.

And where an error is made in the introduction of such evidence, the instructions of the court do not effect a cure. Allen v. Boston Elev. R. Co. 212 Mass. 191, 98 N. E. 618; Butler v. South Carolina & G. Extension R. Co. 130 N. C. 15, 40 S. E. 770; Re DeBois, 164 Mich. 8, 128 N. W. 1092; Gulf, C. & S. F. R. Co. v. Farmer, — Tex. Civ. App. —, 108 S. W. 729; Foley v. Grand Rapids & I. R. Co. 157 Mich. 67, 121 N. W. 257; Marshall v. Brown, 50 Mich. 148, 15 N. W. 55; Hall v. Murdock, 114 Mich. 233, 72 N. W. 150; New Jersey Zinc & Iron Co. v. Lehigh Zinc & Iron Co. 59 N. J. L. 189, 35 Atl. 915; Eggart v. State, 40 Fla. 547, 25 So. 144; Harper v. Weikel, 28 Ky. L. Rep. 650, 89 S. W. 1125; Knoll v. State, 55 Wis. 249, 42 Am. Rep. 704, 12 N. W. 369; People v. Wheeler, 60 Cal. 581, 44 Am. Rep. 70, 4 Am. Crim. Rep. 191; Lilley v. Parkinson, 91 Cal. 655, 27 Pac. 1091; People v. Millard, 53 Mich. 63, 18 N. W. 562; Fisher v. Southern P. R. Co. 89 Cal. 399, 26 N. W. 894, 9 Am. Neg. Cas. 104; Galveston, H. & S. A. R. Co. v. Hanway, — Tex. Civ. App. —, 57 S. W. 695; Bloomington v. Schrock, 110 Ill. 222, 51 Am. Rep. 678.

Remarks of the trial court upon the evidence, continued interruption of counsel for the defendant, comments upon the value of evidence admitted, were improper and prejudicial. State v. Allen, 100 Iowa, 7, 69 N. W. 274; State v. Hazlett, 14 N. D. 490, 105 N. W. 617; Tuchfeld v. Plattner, 116 N. Y. Supp. 693; Schwanz v. Wujek, 163 Mich. 492, 128 N. W. 731.

It is error for the trial court, in the presence of the jury, to reflect upon counsel by words or actions. State v. Phillips, 59 Wash. 252, 109 Pac. 1047; Dallas Consol. Electric Street R. Co. v. McAllister, 41 Tex. Civ. App. 131, 90 S. W. 933; Williams v. West Bay City, 119 Mich. 395, 78 N. W. 328; Walker v. Coleman, 55 Kan. 381, 49 Am. St. Rep. 254, 40 Pac. 641; Cronkhite v. Dickerson, 51 Mich. 177, 16 N. W. 371; Edwards v. Cedar Rapids, 138 Iowa, 421, 116 N. W. 323; Wheeler v. Wallace, 53 Mich. 355, 19 N. W. 33; Sivley v. Sivley, 96 Miss. 137, 51 So. 457; Jageriskey v. Detroit United R. Co. 163 Mich. 631, 128 N. W. 726; Kane v. Kinnare, 69 Ill. App. 81; West v. Black, 65 Ga. 647; Landers v. Quincy, O. & K. C. R. Co. 134 Mo. App. 80, 114 S. W. 543; Schmidt v. St. Louis R. Co. 149 Mo. 269, 73 Am. St. Rep. 380, 50 S. W. 921; Schneider v. Great Northern R. Co. 47 Wash. 45, 91 Pac. 565; Nave v. McGrane, 19 Idaho, 111, 113 Pac. 82; Howland v. Oakland Consol Street R. Co. 115 Cal. 487, 47 Pac. 255; State v. Harkin, 7 Nev. 383; Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; Brunker v. Cummins, 133 Ind. 443, 32 N. E. 732.

The plaintiff must prove the issue of negligence which he alleges. Balding v. Andrews, 12 N. D. 267, 96 N. W. 305, 14 Am. Neg. Rep. 615; Gebus v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 29, 132 N. W. 227; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Chicago Transit Co. v. Campbell, 110 Ill. App. 366.

The issues were laid down by the complaint and the general denial, and the burden was upon the plaintiff. Rapp v. Sarpy County, 71 Neb. 382, 98 N. W. 1042, 102 N. W. 242; Schuyler v. Southern P. R. Co. 37 Utah, 581, 109 Pac. 458; Foss v. McRae, 105 Me. 140, 73 Atl. 827; Dorrell v. Sparks, 142 Mo. App. 460, 127 S. W. 103; Southwestern Teleg. & Teleph. Co. v. Luckett, — Tex. Civ. App. —, 127 S. W. 856; Vertrees v. Gage County, 75 Neb. 332, 106 N. W. 331; Leavitt v. Thurston, 38 Utah, 351, 113 Pac. 77; State v. Jackson, 21

S. D. 494, 113 N. W. 880, 16 Ann. Cas. 87; Waterhouse v. Jos. Schlitz Brewing Co. 16 S. D. 592, 94 N. W. 587; United States v. Adams, 2 Dak. 305, 9 N. W. 718; Young v. Harris, 4 Dak. 367, 32 N. W. 97; Territory v. Chartrand, 1 Dak. 379, 46 N. W. 583; Cheatham v. Wilber, 1 Dak. 335, 46 N. W. 580.

The charge of the court must be construed as a whole. McBride v. Wallace, 17 N. D. 495, 117 N. W. 857; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841.

In this court, the plaintiff is entitled to the presumption that no error was committed by the trial court. Whitney v. Brown, 75 Kan. 678, 11 L.R.A.(N.S.) 468, 90 Pac. 277, 12 Ann. Cas. 768; Mageau v. Great Northern R. Co. 103 Minn. 290, 15 L.R.A.(N.S.) 511, 115 N. W. 651, 946, 14 Ann. Cas. 551; Johnson v. Walker, 86 Miss. 757, 1 L.R.A.(N.S.) 470, 109 Am. St. Rep. 733, 39 So. 49; State ex rel. Hart-Parr Co. v. Robb-Lawrence Co. 17 N. D. 257, 16 L.R.A.(N.S.) 227, 115 N. W. 846; Grimsetad v. Lofgren, 105 Minn. 286, 17 L.R.A. (N.S.) 990, 127 Am. St. Rep. 566, 117 N. W. 515; Kuhl v. Chamberlain, 140 Iowa, 546, 21 L.R.A.(N.S.) 766, 118 N. W. 776; Madson v. Rutten, 16 N. D. 281, 13 L.R.A.(N.S.) 554, 113 N. W. 872; McClain v. Lewiston Interstate Fair & Racing Asso. 17 Idaho, 63, 25 L.R.A.(N.S.) 691, 104 Pac. 1015, 20 Ann. Cas. 60; Shaw v. Lobe, 58 Wash. 219, 29 L.R.A.(N.S.) 333, 108 Pac. 450; Cetofonte v. Camden Coke Co. 78 N. J. L. 662, 27 L.R.A.(N.S.) 1058, 75 Atl. 913; Miller v. Northern P. R. Co. 18 N. D. 19, 118 N. W. 344, 19 Ann. Cas. 1215.

*T. T. Cuthbert* and *A. E. Smythe,* for respondent.

Where a train is derailed and a passenger sustains damage in consequence thereof, the mere fact that an accident happened under the circumstances shown creates a presumption of negligence. Thomp. Neg. § 2761; Bonner v. Grumbach, 2 Tex. Civ. App. 482, 21 S. W. 1010; Ohio & M. R. Co. v. Voight, 122 Ind. 288, 23 N. E. 774; Pattee v. Chicago, M. & St. P. R. Co. 5 Dak. 267, 38 N. W. 435; Philadelphia & R. R. Co. v. Anderson, 94 Pa. 351, 39 Am. Rep. 787.

The circumstances under which the accident occurred may certainly be shown, to give the jury the opportunity to decide the facts with reference to the fall and the injury. Indianapolis, G. & F. R. Co. v. Hub-

bard, 36 Ind. App. 160, 74 N. E. 535; Winkle v. George B. Peck Dry Goods Co. 132 Mo. App. 656, 112 S. W. 1026; Lehane v. Butte Electric R. Co. 37 Mont. 564, 97 Pac. 1038; Chicago, B. & Q. R. Co. v. Hildebrand, 42 Neb. 33, 60 N. W. 335; St. Louis Southwestern R. Co. v. Cleland, 50 Tex. Civ. App. 499, 110 S. W. 122; Doyle v. Boston & A. R. Co. 145 Mass. 386, 14 N. E. 461, 14 Enc. Ev. 98.

The rule that appellate courts will not disturb the verdict where there is a conflict in the evidence, and where there is substantial evidence to sustain the verdict, is well settled. Caledonia Gold Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426, affirmed in 121 U. S. 393, 30 L. ed. 1061, 7 Sup. Ct. Rep. 911; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225; Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454, approved in Nichols & S. Co. v. Stangler, 7 N. D. 109, 72 N. W. 1089; Axiom Min. Co. v. White, 10 S. D. 202, 72 N. W. 462; Bailey v. Walton, 24 S. D. 119, 123 N. W. 701; Casey v. First Nat. Bank, 20 N. D. 211, 126 N. W. 1011; Charles E. Bryant & Co. v. Arnold, 19 S. D. 106, 102 N. W. 303; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225.

Evidence that other passengers on the train were not injured is no proof against the plaintiff's claim of injury. Similar facts, without showing similar conditions, do not constitute relevant evidence. Cleveland, C. C. & I. R. Co. v. Wynant, 114 Ind. 525, 5 Am. St. Rep. 644, 17 N. E. 118; Phillips v. Willow, 70 Wis. 6, 5 Am. St. Rep. 114, 34 N. W. 731; Hudson v. Chicago & N. W. R. Co. 59 Iowa, 581, 44 Am. Rep. 692, 13 N. W. 735; Langhammer v. Manchester, 99 Iowa, 295, 68 N. W. 688; Potter v. Cave, 123 Iowa, 98, 98 N. W. 569; Temperance Hall Asso. v. Giles, 33 N. J. L. 260; Laufer v. Bridgeport Traction Co. 68 Conn. 475, 37 L.R.A. 533, 37 Atl. 379; Bach v. Iowa C. R. Co. 112 Iowa, 241, 83 N. W. 959; Campbell v. Russell, 139 Mass. 278, 1 N. E. 345; Gulf, C. & S. F. R. Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608.

The allowance of an amendment of the complaint to conform to the facts proved on the trial, and in no manner changing the cause of action, is not error. Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Barker v. More Bros. 18 N. D. 82, 118 N. W. 823; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Goldstein v. Peter Fox Sons Co. 22 N. D. 636, 40 L.R.A.(N.S.) 566, 135 N. W. 180; Miller v.

Perry, 38 Iowa, 303; Brown v. Bosworth, 62 Wis. 542, 22 N. W. 521; Nash v. Adams, 24 Conn. 33; Phœnix Mut. L. Ins. Co. v. Walrath, 53 Wis. 676, 10 N. W. 151; Swift v. Mulkey, 14 Or. 63, 12 Pac. 76.

The mere fact that the train was wrecked or derailed raises an inference of negligence against the defendant. 3 Thomp. Neg. § 2809; Furnish v. Missouri P. R. Co. 102 Mo. 438, 22 Am. St. Rep. 781, 13 S. W. 1044; Southern Kansas R. Co. v. Walsh, 45 Kan. 653, 26 Pac. 45; Meador v. Missouri P. R. Co. 62 Kan. 865, 61 Pac. 442; Pershing v. Chicago, B. & Q. R. Co. 71 Iowa, 561, 32 N. W. 488, 9 Am. Neg. Cas. 337; Miller v. Louisville, N. A. & C. R. Co. 128 Ind. 97, 25 Am. St. Rep. 416, 27 N. E. 339.

Expert evidence must be based upon previous testimony of the witnesses, or upon facts agreed or assumed to be true hypothetically. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359.

Where a physician is present and hears all the testimony of the plaintiff, he may give expert testimony in response to hypothetical questions, based on such testimony of the plaintiff. Atchison, T. & S. F. R. Co. v. Brassfield, 51 Kan. 167, 32 Pac. 814; Hunt v. Lowell Gaslight Co. 8 Allen, 169, 85 Am. Dec. 697; Abbott v. Dwinnell, 74 Wis. 514, 43 N. W. 496; Hand v. Brookline, 126 Mass. 324; Cornell v. State, 104 Wis. 527, 80 N. W. 745; Gilman v. Strafford, 50 Vt. 723; Yardley v. Cuthbertson, 108 Pa. 395, 56 Am. Rep. 218, 1 Atl. 765; Com. v. Johnson, 188 Mass. 382, 74 N. E. 939; State v. Moxley, 102 Mo. 374, 14 S. W. 969, 15 S. W. 556; Wright v. Hardy, 22 Wis. 348.

Great latitude is allowed in the examination of experts, to test their credibility, or to fix the value of their evidence. Dilleber v. Home L. Ins. Co. 87 N. Y. 79; People v. Augsbury, 97 N. Y. 501; Louisville, N. A. & C. R. Co. v. Falvey, 104 Ind. 409, 3 N. E. 389, 4 N. E. 908; Geisendorff v. Eagles, 106 Ind. 38, 5 N. E. 743; People v. Sutton, 73 Cal. 243, 15 Pac. 86; McFadden v. Santa Ana, O. & T. Street R. Co. 87 Cal. 464, 11 L.R.A. 252, 25 Pac. 681; Erickson v. Smith, 2 Abb. App. Dec. 64; Davis v. State, 35 Ind. 496, 9 Am. Rep. 760.

No medical books were offered in evidence, nor was any effort made to introduce in evidence the opinion of any text writer. Pinney v. Cahill, 48 Mich. 584, 12 N. W. 862; Ripon v. Bittel, 30 Wis. 614;

Broadhead v. Wiltse, 35 Iowa, 429; Connecticut Mut. L. Ins. Co. v. Ellis, 89 Ill. 516; State v. Wood, 53 N. H. 484; 2 Whart. Ev. 666.

The conduct of the trial court, his remarks or the propriety of the same, will not be inquired into or considered by the supreme court, unless objection, ruling, and exception were made and taken. People v. Abbott, 101 Cal. 645, 36 Pac. 129; Hall v. First Nat. Bank, 133 Ill. 243, 24 N. E. 546; Mulliner v. Bronson, 114 Ill. 510, 2 N. E. 671; Vass v. Waukesha, 90 Wis. 337, 63 N. E. 280; Osborn v. Ratliff, 53 Iowa, 748, 5 N. W. 778; O'Callaghan v. Bode, 84 Cal. 489, 24 Pac. 271; Cromer v. State, 21 Ind. App. 502, 52 N. E. 239; Hedlun v. Holy Terror Min. Co. 16 S. D. 261, 92 N. W. 31.

The trial court may ask pertinent questions. 1 Thomp. New Trials, § 220, Abbott, Civil Jury Trials, 3d ed. pp. 176–178, and cases cited with the text.

Improper remarks by the trial court are in no case ground for a reversal of the judgment, unless it is shown that they were prejudicial, or were of such a character as to raise the presumption of prejudice. Elgin, J. & E. R. Co. v. Lawlor, 229 Ill. 621, 82 N. E. 407; 38 Cyc. 1320; Logan v. Agricultural Soc. 156 Mich. 537, 121 N. W. 485; Reilly v. Eastman's Co. 28 Misc. 125, 58 N. Y. Supp. 1089; Nunn v. Jordan, 31 Wash. 506, 72 Pac. 124; McMahon v. Eau Claire Waterworks Co. 95 Wis. 640, 70 N. W. 829, 2 Am. Neg. Rep. 478; Hedlun v. Holy Terror Min. Co. 16 S. D. 261, 92 N. W. 31.

The remarks of the court were not unprovoked, and, assuming them to have been slightly improper, the judgment cannot be disturbed on such grounds. Finan v. New York C. & H. R. R. Co. 111 App. Div. 383, 97 N. Y. Supp. 859; 38 Cyc. 1320; Manhattan Bldg. Co. v. Seattle, 52 Wash. 226, 100 Pac. 330; D. H. Fleming & Son v. Pullen, — Tex. Civ. App. —, 97 S. W. 109; Hedlun v. Holy Terror Min. Co. 16 S. D. 261, 92 N. W. 31.

It is not error to refuse specific instructions, when the points involved are fully covered by the general charge. State v. Hayes, 23 S. D. 596, 122 N. W. 652.

BURKE, J. Plaintiff is a florist residing at Devils Lake, North Dakota, and at the time of the trial was fifty-eight years of age. He sues for injuries alleged to have been received while a passenger upon one of defendant's trains, which was wrecked near Litchfield, Minne-

sota. He recovered $1,875 in the court below. We will treat the assignments of error in eleven subdivisions, following the classification adopted by appellant:

(1) Appellant's first and principal contention is that the evidence is insufficient to support any verdict in plaintiff's favor. We cannot set out in this opinion the entire evidence, which covered nearly one hundred pages, but will give a few extracts which support our conclusion that the evidence justifies the verdict.

The plaintiff was upon one of the coast trains, consisting of an engine and about ten coaches, and was asleep in an upper berth of the Pullman sleeping car. The accident happened at 1:46 A. M. and was caused by a misplaced switch. The engineer testifies that he was running about 28 or 30 miles an hour when he saw the open switch about three car lengths ahead, and that the train was going pretty nearly as fast when it struck the same. The locomotive and three coaches left the track and ran along upon the ties. The engine slowed down after it hit the switch, and finally turned over on its side. None of the rear coaches left the rails, and were afterwards returned to Minneapolis and continued on their way over another line, reaching Devils Lake about eleven hours late. The plaintiff testifies that he was asleep in his berth when the accident occurred, and that the first thing he knew he was in the aisle, and the train was stopped. He says that he opened his eyes and looked at the electric lights, and thought that the whole car was on fire, and ran out as quickly as he could. Being reassured by a member of the train crew, he returned to his berth and dressed. He further testifies that when he got back to the car and was lying on the bed, his head started to ache, and that he felt of his head and there was a bump there. He says the bump was to the left of the center of his head and over the left car, and "big as an egg I guess, pretty near,—a small egg." He testifies that he did not know how he got out of the berth. He further testifies that since the accident he has headaches all of the time, and gets dizzy, and cannot work in his greenhouse. He also testifies that his right arm was injured. "I got no feeling in it. It feels dead. I can't lift it up, and I got no strength in it. Can't lift anything like I could before,—just a dead feeling is all. My arm feels just like a man that lies on his arm and sleeps, not a pain, just dead, that is all, some of the time: some of the time it is a little better. Don't have

that feeling elsewhere. Didn't have it before this accident. My health was always good before,—never so strong in my life. My memory is not so good since. Memory was good before the accident." He further testifies that he did not have any bump when he went to bed, and that he never had headaches prior to the accident. He further testifies that two claim agents boarded the train shortly after the wreck, and that one of them tried to get him to sign a paper to the effect that he had not been injured, but that he had refused and had told said claim agent of his injury. It is conceded that the plaintiff refused to sign this statement, although the claim agent denies that plaintiff claimed any injury at that time. Plaintiff offered the evidence of two doctors who heard his testimony, and, basing their opinions upon the same, state that the cause of plaintiff's condition seems to be a lesion of the brain in the motor area on the left side. These physicians were examined and cross-examined at length, and the jury had the benefit thereof.

There is some dispute as to the facts above narrated. No one seems to have seen the plaintiff fall from his berth, and the jury were asked to make that finding from the circumstances shown to exist. The defendant offered the testimony of other physicians who had examined plaintiff, and who testified that his condition, if it actually existed as testified to by himself, might be due to "general senility, a gradual lessening of the functions from old age, gradual breaking down of health on account of age, natural process." These physicians also testified that a blow on the left side of the head would be very liable to affect the left side of the brain. Testimony was also offered tending to dispute the probability of plaintiff's being thrown from his berth.

Upon this state of facts defendant insists that there is no direct evidence of the manner in which the accident occurred, and the injuries shown are consistent with, and may be ascribed to, other causes; and that it is "clearly not within the province of the jury to guess wherein the truth lies, and to make that guess the foundation for a verdict."

After a careful consideration of the facts in this case, and after reading the many cases cited by both appellant and respondent, we have reached the conclusion that there is sufficient evidence in the record to justify the finding that plaintiff was thrown from an upper berth on account of the derailment of the locomotive and front cars, and that he

received injuries from the fall, which led to the condition to which he testifies.

Caledonia Gold Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426, 121 U. S. 393, 30 L. ed. 1061, 7 Sup. Ct. Rep. 911; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225; Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; Casey v. First Nat. Bank, 20 N. D. 211, 126 N. W. 1011; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225. The cases cited by appellant are based upon facts showing the contention of the plaintiff to be so inherently improbable and unreasonable as to test the credulity of the court. We do not believe the evidence in this case is of that nature, and hold with respondent upon this assignment.

(2) The second point raised by appellant relates to the rejection of the evidence of the train crew and passengers as to the effect of the wreck upon their persons. It was evidently the purpose of the defendant to show that other persons in the train were not thrown violently around, and that therefore it was improbable that plaintiff had been thrown from his berth. The train conductor was in the dining car, standing up, and testifies that he was not thrown down, and did not fall down as the result of the stop. Defendant offered to show that the dining-car crew, who were sleeping upon army cots standing about 1 foot in height, were not awakened. One of the brakemen was also in the dining car awake, sitting down, and defendant sought to show that he felt just an ordinary stopping, like setting the emergency brake quickly. A fellow passenger in the same car, but in a lower berth, was also offered as a witness to testify that he was not thrown from his berth. At first all of this testimony was excluded by the trial court upon the theory that the conditions surrounding those other persons were different from those surrounding plaintiff, but before the subject was concluded practically reversed his rulings, and at different times made the following statements to the counsel for appellant:

The Court: "I allow you to inquire relative to the jarring of the car and stopping, or any reference to anything that occurred to Kersten."

And again: "I allow you to inquire of this witness relative to anything about Kersten in that car at that time."

And again: "Well, I haven't any authority here on it; I am just going on my own sense in this matter, there is no authority on either side. I will overrule the objection (made by plaintiff) and allow you to inquire about that of this man."

And again: "I will allow it, as to what the train was doing and what noises the train was making."

Again: "I don't think this evidence is admissible, but I am going to let it in, and you, gentlemen of the jury, when I let it in, will consider it for what it is worth under the instructions of the court at the close of the case." This last remark was made when plaintiff had objected to the following question to the brakeman who was in the dining car, as before mentioned:

Q. "Just describe what effect, as you saw it, the stopping had upon him at that time."

After these remarks of the court the defendant recalled his witnesses, and they were allowed to testify along the lines desired, subject only to objection to the questions for other reasons. It is thus apparent that error, if any, occurring in the earlier rulings of the trial court, was cured by the subsequent admission of the testimony. It will therefore be unnecessary to decide whether or not the testimony was in fact admissible, upon which question, however, see: Laufer v. Bridgeport Traction Co. 68 Conn. 475, 37 L.R.A. 533, 37 Atl. 379.

(3) The third complaint of appellant is based upon the admission of certain questions asked by the plaintiff of his witness Dr. Jones. The doctor testified that he had heard all of the testimony given by the plaintiff, and was then asked to exclude any opinion obtained from personal examination, and any knowledge that might have come to him in any way excepting through the testimony of the plaintiff, and to give his opinion as to the cause of the injuries of which said plaintiff complained. To this question the objection was entered: "That it assumed a state of facts not in controversy, irrelevant, incompetent, and no foundation laid." This objection was overruled. It is apparent that the objection was not sufficient to raise the point argued at this time, to wit, that it was not a proper hypothetical question, and required the doctor to pass upon the credibility of the witness. For this reason alone it was properly overruled. However, under the ruling in Walters v. Rock, 18 N. D. 45, 115 N. W. 511, the objection was also properly

overruled because the opinion of the doctor was founded upon evidence not in controversy.

(4) The fourth complaint of appellant relates to the cross-examination of defendant's witness Dr. Sihler. The doctor had given his opinion as to the effect upon the brain of a blow delivered directly above the injury. Upon cross-examination he was asked whether or not certain medical text-books and authorities sustained a doctrine contrary to that held by the witness. It appears that the text-book to which reference was made was offered to the witness, and that the author at that time was a teacher of surgery in Johns Hopkins University. Thus the cross-examination was evidently in good faith to test the accuracy of the conclusion given by the expert who was upon the stand. Great latitude should be allowed in the cross-examination of experts to test their credibility and knowledge. Dilleber v. Home L. Ins. Co. 87 N. Y. 79; McFadden v. Santa Ana, O. & T. Street R. Co. 87 Cal. 464, 11 L.R.A. 252, 25 Pac. 681; Jones, Ev. 2d ed. § 389; Davis v. State, 35 Ind. 496, 9 Am. Rep. 760. We think the cross-examination proper.

(5) Appellant alleges restriction of the cross-examination of the plaintiff's witness Dr. Jones. The question asked was:

Q. "Would not this hardening of the arteries—might it not rather sometimes act locally as well as over the whole body?"

Objection was made to this question as assuming a state of facts not in evidence. The witness had already been cross-examined at length, and had testified that plaintiff's symptoms might be explained on other theories, if the symptoms had come on gradually, and not suddenly. While this question might have been allowed along the lines of the rest of the cross-examination, we believe the extent of such cross-examination to rest largely in the discretion of the trial court, as cross-examination must end somewhere. There is no reversible error in this ruling.

(6) The 6th assignment relates to the examination of defendant's expert Dr. Sihler. The witness had testified that he had examined plaintiff, and considered his condition a case of "general senility," etc. He was then asked: Q. "Would that condition, or these symptoms, be brought about by a tap on the head, not severe enough to produce any immediate symptoms of that kind?" This was objected to as not a proper hypothetical question, assuming a state of facts not in evidence, and incompetent. Again he was asked: Q. "Do you agree with Drs. Jones

and McGuerren, that a blow on the left side of the head, not severe enough to produce the loss of muscular control of the arm, would show the loss of muscular control of the arm on the left side of the body instead of the right?" This was objected to as assuming a state of facts not in evidence. We think both questions objectionable under the state of facts disclosed by the record.

(7) The 7th assignment has to do with an amendment to the complaint allowed by the trial court during the arguments of counsel to the jury. The complaint originally alleged that "said train was so negligently and carelessly operated and managed by defendant and its servants in control thereof, that the same left the track while going at a high rate of speed." The amendment added the following words: "Caused by the defendant, wrongfully and negligently permitting and allowing an open switch." Under § 6883, Rev. Codes 1905, courts may, before or after judgments, in furtherance of justice and on such terms as may be proper, amend any pleading by conforming the pleading to the facts proved. The cause of the derailment was a minor matter which might indeed have been entirely omitted from the complaint. It was, of course, known to the defendant earlier than to the plaintiff. The insertion of the clause above mentioned in no manner changed the issues, nor necessitated any substantial change in the defense. The defendant's engineer testified that the open switch was the cause of the derailment. We see no prejudice to the defendant in this amendment. Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Barker v. More, 18 N. D. 82, 118 N. W. 823; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562; Goldstein v. Peter Fox Sons Co. 22 N. D. 636, 40 L.R.A.(N.S.) 566, 135 N. W. 180.

(8) It is claimed that the instruction of the court to the effect that the burden of proof is upon the plaintiff to establish his "right to recover" by a fair preponderance of the evidence, etc., "and that the jury should be satisfied from the evidence that the testimony in behalf of his recovering should be of greater weight than the evidence against his right to recover," is an inaccurate statement of the law of burden of proof, and prejudicial to the interests of the defendant. We do not think the matter important. The style and diction of the trial court must be left to himself. While the word "must" would be better than the word "should" before the words, "be satisfied from the evidence,"

yet we cannot see wherein this trifling change of diction in any manner prejudices the rights of the defendant. If the defendant desired the instruction upon this point in different language, he, no doubt, could have had it delivered to the jury by making a simple request. 1 Sackett, Instructions to Juries, § 360.

(9) Error is also predicated upon the refusal of the court to charge the jury that if they were unable to determine which of several causes was responsible for plaintiff's condition, they could not find for plaintiff and give him compensation therefor. Upon this question the trial court instructed the jury that if they "should find those ailments do not arise from his injuries received from the railroad company, then you should not consider said ailments as grounds for damages, because unless they resulted from the negligence of the railway company, the railway company would not be responsible, and should not pay damages to him on that account." The language of the trial court is as broad as the requested instruction, and no error can be predicated in giving the one and refusing the other.

(10) The 10th assignment relates to the submission to the jury by the court of the issue of defendant's negligence in permitting an open switch. The language of the court is as follows: "It is admitted that the train was derailed. It is admitted in the answer. I say to you, gentlemen of the jury, that if you find from the evidence that this train was derailed on account of an open switch, that is, on account of a switch having been left open, that you would be justified in finding that the leaving of such a switch open would be negligence on the part of the company, unless the evidence taken all together shows clearly to your mind that the leaving of the switch open has been explained in such a way as to show you that it was not negligence on the part of the company; unless the evidence shows clearly to your mind that the company was using great care for the safety of Kersten, even when you take into consideration the fact that the switch was left open." Plaintiff insists that this charge places the burden of the proof upon the defendant. We do not see any merit in this contention. The charge given, in no way prejudices the defendant. It has not changed the burden of proof, and is not error.

(11) The defendant's last complaint is that the trial court's general conduct was calculated to, and did, prejudice the defendant's rights.

We have gone carefully through the record, and have noted every word appearing therein attributed to the trial court, and we can see nothing in any manner sustaining the assertion of the defendant in this particular. The trial court did ask questions of the witnesses at times when he felt that a word of explanation would aid himself or the jury, but such questions were fairly worded in each instance.

Finding no error in the record, the judgment is accordingly affirmed.