[File No. 6072.]

A. T. NELSON and Vincent Hogan, Respondents, v. JACOB AUCH
and Carl T. Auch,
and
JACOB AUCH, Appellant.

(245 N. W. 819.)

Opinion filed October 4, 1932.

*Edmund Dubs* and *Jacobsen & Murray*, for appellant.

*A. T. Nelson* and *Vincent Hogan*, for respondents.

596

BURKE, J. In September, 1930, the plaintiffs were employed to defend an action brought by Mrs. A. J. Heintz against Tina Giese, Jacob Auch and Carl T. Auch for damages in an automobile accident. At the close of plaintiff's testimony in that case, the action against Jacob Auch was dismissed on motion and a verdict was found by the jury against the other defendants upon which judgment was duly entered for the sum of $870.30. Plaintiffs sued Jacob Auch and Carl T. Auch, in the instant case, for their reasonable attorney fees in defending the former action. There was a verdict against the defendants for the sum of $350 upon which verdict judgment, including costs, was duly entered for the sum of $391.95. Thereafter a motion for a new trial was overruled and the defendant Jacob Auch duly appeals from the order denying the new trial and from the judgment.

Appellant specifies as error the overruling of an objection to a hypothetical question on the ground that no foundation had been laid, that it calls for a conclusion and based upon evidence not proven in the case. The plaintiff called Mr. C. L. Crum, an attorney, as an expert witness and propounded the hypothetical question to him. Mr. Crum stated: "I don't know as I can answer that directly, before I would want to express the value of the services I would want to know the financial standing of the parties and a little more of the facts under which the accident happened; the danger to the defendant of losing the action; the risk that he was undergoing in the action. It might vary, it might vary if there was very little risk or he had very little property so he could not lose much, and if he could just claim his exemption it might not be worth very much, but a large judgment if it could be put against him and collected, I would say that the fee should be larger than otherwise." Q. "Then you would say, Mr. Crum, that the financial ability of the defendants would have an important bearing?" A. "Yes, it would have some bearing. I would not say important, but it would

have some bearing." Q. "Well, I don't just know what the financial ability of the defendants are, but we will assume that if the defendants were worth $25,000, with that assumption now would you be able to answer the question named?" Mr. Murray: "Objected to on the grounds heretofore stated and especially now that the question on the face of it clearly bases itself upon an assumption not in evidence, incompetent and improper." By the court: "He may answer." A. "Well, I don't know just how much danger the defendants were in, but I know that a defendant is in danger when he is sued, it depends upon who he is up against, both as to attorneys and witnesses and I think if there is a serious effort made to collect $25,000 from defendants who are able to pay it, on a question involving negligence where the party who is injured has got a reasonable ground for collection of it, then the defense of such suit would be worth anywhere from five hundred to one thousand dollars." Q. "The minimum would be five hundred and the maximum one thousand dollars?" A. "It might be, if you saved me $25,000, I think you ought to be entitled to more."

There is no evidence in the record relating to the wealth or financial condition of the defendant and the plaintiff Hogan states specifically in his question that he does not know the financial ability of the defendants and without any evidence to support the question he states "but we will assume that if the defendants are worth $25,000, with that assumption now would you be able to answer the question named?" Upon this assumption the witness testified that the services would be worth from five hundred to a thousand dollars.

In the case of Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359 this court said: "A very material part of the facts upon which his opinion was asked not appearing in the evidence, the question was improper." Kinney v. Brotherhood of American Yeomen, 15 N. D. 21, 106 N. W. 44; 2 Jones, Ev. 377; Burns v. Barenfield, 84 Ind. 43; Hitchcock v. Burgett, 38 Mich. 501; Van Deusen v. Newcomber, 40 Mich. 90; 5 Enc. Ev. 610; Kersten v. Great Northern R. Co. 28 N. D. 3, 147 N. W. 787.

Mr. Crum was the only disinterested witness who testified in behalf of the plaintiffs and the expert testimony given not being based on any evidence in the case was prejudicial.

The appellant also claims that the court erred in giving the follow-

ing instruction to the jury, namely: "If you find that the plaintiffs are entitled to recover in this action, you are instructed that they can only recover reasonable compensation, and you will determine from all of the evidence, facts and circumstances in the case as to what constitutes reasonable compensation for the services performed, taking into consideration what other attorneys in this vicinity charge their clients for cases of a similar nature, and you will be guided in making up your verdict by what the witnesses actually testified to while on the stand under oath."

Appellant is right in his contention that there is no evidence of what other attorneys charged in that vicinity for cases of a similar nature and the instruction should not have been given. But as the court after charging that the jury might consider what other attorneys charged in that vicinity for cases of a similar nature he also stated immediately "and you will be guided in making up your verdict by what the witnesses actually testified to while on the stand under oath."

It follows, that if no witness testified as to charges of other attorneys for like services and there was no testimony on the subject that the jury could consider there would be no resulting prejudice.

Inasmuch as there must be a new trial there is another question involved in the hypothetical question which may arise in another trial. That is the question of whether the plaintiff is allowed to prove the financial condition of the defendants. The plaintiffs sue for the reasonable value of the services performed for the defendants. They did not offer to prove the wealth or financial condition of the defendants at the trial, but when their expert witness states that he could not testify without knowing the financial condition of the defendant for the purpose of answering the question, he assumed that the defendants were worth $25,000. Since we hold that to be error because it assumed a fact not in evidence, in another trial the plaintiff might offer proof of the wealth and financial condition of the defendants as the basis of a hypothetical question.

In the case of Stevens v. Ellsworth, 95 Iowa, 231, 63 N. W. 683, an action to recover attorneys' fees, the hypothetical question was objected to because it permitted the witness and the jury, in estimating the compensation, to consider the wealth of the defendant. "The instruction fixed the law of the case on this trial, and its effect is to take

from the jury the facts as to the wealth of the defendant. . . . Still it remains that the estimates of the witnesses were made with this express direction in the question: 'Also taking into account the wealth of the defendant herein, as already stated.' The wealth of the defendant as stated was 'nearly or quite the sum of five hundred thousand dollars.' If the record is divested of the expert evidence based on the hypothetical question, the finding has no sufficient support. But we do not think the instruction cured the error in ruling on the evidence as to the jury. The particular fact we are considering was mingled with a great multitude of other facts on which the expert witnesses made their estimates, and the jury could have no idea of the importance given by the witness to any particular fact; and, even if that could be done, the case was submitted as if the evidence was properly admitted. The court limited, by an instruction, the effect of some other evidence, but no reference was made to that in question, and it stood before the jury as proper evidence. In view of further proceedings in the case, we may properly say that we regard the instruction that the wealth of the defendant cannot be considered to enhance the amount of the compensation as correct. Appellee cites the case of Lombard v. Bayard (C. C.) 1 Wall. Jr. 196, Fed. Cas. No. 8,469. . . . That case dealt with the question of the compensation of an auditor, who was an officer of the court, and for whom no fees were prescribed. What is said as to professional services is in the way of an illustration, and we do not understand the learned justice to say that the ability of a party to pay may enhance the fact of a reasonable compensation for a service, but he makes no reference to the profession, which is true, and he speaks of cases in which 'the parties are wealthy, and the amount in controversy large,' where the greater fees are paid. The thought seems to have been that, with that class of clients, cases are found where large fees are justified because of the actual value of the services rendered. We think no court has ever said that, with the facts the same, a reasonable compensation for a professional service for a poor man is worth less than the same service for a rich man. It is likely true that less is often taken from the poor than from the rich, but the reason is not because of a difference in what the service is reasonably worth, but because of a disposition of professional persons to charge less in such cases, even to the extent, in some cases, of making

a gratuity, or a mere trifle. The practice is to be commended, but not under a rule that they may, while thus giving to one, take, because of that fact, from another. If it is the rule that fees may be enhanced because of the wealth of the client, we do not see why, in a case where the client is poor, that the fact may not be shown to lessen the compensation, and such a rule has never obtained."

In other words, professional men, in fixing their charges, usually take into consideration the financial condition of their clients. Every professional man does a great deal of gratuitous work, and no doubt often settles with the poor man for much less than his services are worth, but when it is necessary for a professional man to come into court to sue for his reasonable fees the rule is the same for the rich and for the poor. The case of Ward v. Kohn (C. C. A. 8th) 58 Fed. 462, contrary, does not meet with our approval.

The ability or inability of the defendant has nothing to do with the lawyer's right to recover. He is entitled to a judgment for the reasonable value of his services, regardless of the ability or inability of his client to pay and his financial condition cannot be considered in determining such reasonable value.

The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered; the labor, time and trouble involved; the nature and importance of the litigation or business in which the services are rendered; the responsibility imposed; the amount of money or the value of the property affected by the controversy or involved in the employment; the skill and experience called for in the performance of the services; the professional standing and character of the attorney; and the results secured.

The order denying a new trial and the judgment are reversed and a new trial is ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.